### IN THE

# SUPREME COURT OF TENNESSEE

#### FOR THE

### EASTERN DIVISION.

---

## KNOXVILLE, SEPTEMBER TERM, 1924.

---

MORGAN BAILEY *et al.* v. THE STATE.*

*(Knoxville. September Term, 1924.)*

1. **TRESPASS.** Statute as to taking of automobile by chauffeurs and others not repealed.

   Acts 1911, chapter 28, denouncing use by chauffeur or other person of automobile without owner's consent, was not repealed by Acts 1921, chapter 17, making it larceny to take and use automobile of another without permission. (*Post, p.* 600.)

   Acts cited and construed: Acts 1911, ch. 28; Acts 1921, ch. 17.

2. **STATUTES.** Implied repeal results from enactment, terms, and necessary operation of which cannot be harmonized with earlier act.

   If by reasonable construction two acts can stand together, or if latter is merely affirmative or cumulative or auxiliary, there is no "implied repeal," which results only from enactment, terms and

(598)

Bailey v. State.

necessary operation of which cannot be harmonized with earlier act. '(*Post, pp.* 600, 601.)

3. **TRESPASS.** Pushing automobile across road, held not unlawful ''use.''

Where persons ·accused pushed automobile across road, when it escaped from their control and ran into gulch, they cannot be convicted of using or attempting to use, under Acts 1911, chapter 28. (*Post, p.* 601.)·

*Headnotes 1. Motor Vehicles, 28 Cyc, p. 48 (1926 Anno); 2. Criminal Law, 16 C. J., section 33; Statutes, 36 Cyc, pp. 1071, 1076; 3. Motor Vehicles, 28 Cyc, p. 49 (1926 Anno).

FROM UNICOI.

Appeal from the Circuit Court of Unicoi County.— Hon. D. A. Vines, Judge.

Cox & Taylor and Divine & Guinn, for plaintiff.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Justice Cook delivered the opinion of the Court.

Plaintiffs in error have appealed from a verdict and judgment of guilty for unlawfully using the automobile of Geo. C. Mattox. Mattox left his car at Indian Grave Gap on top of Unaka Mountain, and while he and his family were away plaintiffs in error pushed it across

the road, whether intending to use it does not appear, lost control, and it ran three hundred feet into a gulch.

They were arraigned upon an indictment of two counts: First, for an offense under chapter 28, Acts of 1911; and, second, an offense under chapter 17, Acts of 1921. The first count charges a misdemeanor; the second, a felony.

At the conclusion of the State's proof, the attorney-general elected to rely upon the count found under the act of 1911, and the verdict and judgment relate to that count.

It is insisted that the act of 1911 was repealed by chapter 17 of the Acts of 1921, which provides:

"It shall be a felony, punishable as larceny for any person to take the automobile, . . . belonging to another without such owner's consent, whether such person taking such vehicle intends to deprive the owner thereof and appropriate the same to his own use permanently, or merely intends to use the same without such owner's consent temporarily and thereafter either abandon such vehicle or return the same to the owner."

Chapter 28 of the Acts of 1911 provides: "That it shall be unlawful for any chauffeur or any other person to use the automobile of another without the owner's permission or consent."

The violation of this act is made a misdemeanor. It is urged that the act of 1921 expressed, by implication, a legislative intent to repeal the act of 1911. The fundamental test is the intention of the legislature. Where the incongruity in two acts discloses an intention to substitute the new for the old law, the courts adopt the intention so expressed. An implied repeal therefore results only from an enactment, the terms and necessary

operation of which cannot be harmonized with the earlier act. Repeals by implication are not favored, and if by any reasonable construction the two acts can stand together, or if the latter is merely affirmative or cumulative or auxiliary, and not inconsistent, the implication of a repeal does not arise. 16 C. J. 70.

The act of 1911 forbids chauffeur's and others of that class, who may be in constructive possession of automobiles, from using them for their own purpose, without permission or consent of the owner; while the act of 1921 goes beyond this class and forbids any one not clothed with a color of authority from taking and using automobiles for their own purpose. It cannot be said there was a legislative intent to repeal the earlier act and impose the harsh penalty of the latter one upon chauffeurs and those of that class who, while in the attitude of bailees or in possession of cars under their employment, put them to unauthorized use. Adopting this view of the act of 1911, and that seems consistent with the intention of the legislature, it must be sustained. There is no evidence, however, to authorize a conviction of plaintiffs in error under the act of 1911, which makes it unlawful for chauffeurs and others of that class of offenders to use an automobile without permission.

The plaintiffs in error were passing along the road, and, according to the evidence, pushed the car across the road, when it escaped from their control and ran into the gulch. They did not drive the car nor use it; they cannot be convicted of an attempt to use, under the act of 1911.

Reversed and remanded.