### J. LEROY WRIGHT, WARDEN *v.* JON SAS, JR. SAME *v.* ROBERT DE HAVEN

[No. 48, October Term, 1946]

508

*Decided January 9, 1947.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*William J. O'Donnell, Assistant State's Attorney* of
Baltimore City, with whom were *William Curran, At-
torney General, J. Edgar Harvey and T. Barton Har-
rington, Assistant Attorneys General, T. Lyde Mason,
State's Attorney for Baltimore County*, and *J. Bernard
Wells, State's Attorney for Baltimore City*, on the briefs,
for the appellant.

No brief and no appearance for the appellee.

MARKELL, J., delivered the opinion of the Court.

These are appeals (Act of 1945, Ch. 702, Art. 42, Sec.
3 C) from orders releasing petitioners (appellees) on
*habeas corpus*. Petitioners had been convicted in the
Criminal Court of Baltimore of "taking and carrying
away, out of the custody and use" of the owner, an
automobile, in violation of Section 397 of Article 27,
and had been sentenced to three years imprisonment.
The ground of release was that Section 397 of Article
27 (Act of 1880, Ch. 164, as amended by Act of 1892,
Ch. 88 and Act of 1918, Ch. 422) had been repealed by
implication by the Act of 1943, Ch. 1007 (enacting
Article 66½), and specifically by section 154 (under
the subtitle "Operation of Vehicles Upon Highways"),
which provides: "Any person who drives a vehicle, not
his own, without the consent of the owner thereof, and
with intent temporarily to deprive said owner of his
possession of such vehicle, without intent to steal the
same, is guilty of a misdemeanor," punishable by a
fine of not less than $10.00 or imprisonment for not less
than thirty days nor more than one year, or both fine
and imprisonment. By section 3 of the Act of 1943

all laws or parts of laws inconsistent with the provisions of the Act were repealed to the extent of the inconsistency. The Act of 1943 is, by its title, an act "revising generally the Motor Vehicle Laws of Maryland." The question now presented is whether section 397 was repealed by the Act of 1943.

Section 397 is closely related to section 396, a much older statute, which originated in the Act. of 1744, Ch. 20, "An Act for the punishment of horse stealers and other offenders." In England much earlier, horse-stealing had been punished more severely than other cases of larceny. By statutes (1 Edw. VI, Ch. 13; 2 & 3 Edw. VI, Ch. 33; 31 Eliz. Ch. 12) the benefit of clergy had been taken away "for horse-stealing in the principals and accessories both *before* and *after* the fact." Blackstone's Commentaries, IV, 238. By the Act of 1744, Sec. 1, a person guilty of horse-stealing, or as an accessory before or after the fact, or of receiving a stolen horse, knowing it to be stolen, was punished by "death as a felon without benefit of clergy." By the Act of 1799, Ch. 61, the Act of 1744 was extended to the stealing of a "jack, jenny or mule." By the Act of 1809, Ch. 138, Sec. 6, the receiver was not included and the punishment was not less than two nor more than fourteen years in the penitentiary. By the Act of 1918, Ch. 422, Sec. 293, the words "or motor vehicle as defined in the laws of this State relating to such" were inserted after enumeration of the animals covered. Section 396 is the same, as the Act of 1918 and in other respects the same as section 68, Art. 30 of the Code of 1860 and section 164, Art. 27 of the Code of 1888 and substantially the same as the Act of 1809. By the same section of the Act of 1809 ordinary cases of larceny to the value of five dollars or upwards were punished by not less than one nor more than fifteen years in the penitentiary. By the Act of 1882, Ch. 84 and the Act of 1933 (Special Session), Ch. 78, provision was made for imprisonment in the house of correction or jail and the limit of value was made $25 or upwards. In other respects section

387 of the Code of 1939 is the same as Section 98, Article 30, of the Code of 1860 and Section 156 of the Code of 1888 and substantially the same as the Act of 1809.

By the Act of 1880, Ch. 164, section 396 (then 68) of the Code was not changed, but a new section (now 397) was enacted, creating a new misdemeanor, which may be roughly characterized as larceny of the use of horses or vehicles, punishable by a fine of not less than five nor more than twenty dollars, or not less than one nor more than six months in jail, or both fine and imprisonment. The Act of 1880 was applicable to "any person * * * who shall * * * take and carry away out of the custody or use of any person * * * any of the above enumerated property [any horse, mare, colt, gelding, mule, ass, sheep, hog, ox or cow, or any carriage, wagon, buggy, cart or any other vehicle or property whatsoever] at whatsoever place the same may be found," though taken for his "present use, and not with the intent of appropriating or converting the same." By the Act of 1892, Ch. 88, the penalty was increased to a fine of not less than $50 nor more than $100, or not less than six months nor more than four years in jail or in the penitentiary or house of correction, or both. By the Act of 1918, Ch. 422, Sec. 294, the words "including motor vehicle as defined in the laws of this State relating to such" were inserted after "any other vehicle." The Act of 1918 is, by its title, an act to repeal and re-enact with amendments sections 293 and 294 (now 396 and 397) "and providing penalties for the larceny of motor vehicles." This purpose was effected by inserting the same words in section 396 and 397 (then 293 and 294). Perhaps the amendment was not necessary in Section 397, which already covered "any carriage, wagon, buggy, cart or any other vehicle, * * * or property whatsoever." Apparently it was thought or feared that, by reason of the association of vehicles (all horse-drawn or ox-drawn, in 1880) with horses, "vehicle" might not include a subsequently invented "horseless carriage." Except as changed by the Acts of 1892 and 1918, Section 397 is the same as the Act of 1880.

The first Maryland "motor vehicle law" was the Act of 1904, Ch. 518. It did not prohibit unauthorized use. The Act of 1906, Ch. 449, repealed and reenacted with amendments the sections (of Article 56) enacted in 1904 and added a new section, 139A, which provided: "No chauffeur or other person shall drive or operate any motor vehicle upon any street or highway in the absence of the owner of such motor vehicle without his consent." The Act of 1910, Ch. 207, repealed and re-enacted the sections enacted in 1906, with amendments and additional sections; Section 139A was reenacted, as Section 140*l*, without change except insertion of the words "of this State" after "highway." Section 140*l* was reenacted without change, as Section 156, by the Act of 1916, Ch. 687, the Act of 1918, Ch. 85, and the Act of 1920, Ch. 506, and became Section 203 in. the Code of 1939. It was repealed by the Act of 1943 and superseded by Section 154 of Article 66½. The Act of 1916, by its title, was ."intended to comprise a revision and reenactment of all the laws of this State pertaining to motor vehicles." The Act of 1918 was "intended to comprise a revision of all the laws of this State dealing with the use of motor and other vehicles on the public Highways of the State." The Act of 1943 was an act "revising generally the Motor Vehicle Laws of Maryland." The Act of 1918, Ch. 85, was approved March 28, 1918; the Act of 1918, Ch. 422 (now Section 397 of Article 27), was approved April 10, 1918.

The judge who heard these cases held that: The Act of 1943 is a codification of the motor laws of the State, and was intended as a substitution for other laws upon that subject; therefore, the Act of 1880 (now Section 397), insofar as it deals with larceny of the use of an automobile, is repealed by implication by the Act of 1943. This view, we think, may involve too broad a premise and too broad a conclusion. By like reasoning the Act of 1943 might also repeal Section 396, as dealing with larceny of an automobile. The Motor Vehicle Act of 1918 was likewise a complete revision and codification. At the same session of 1918, by an act approved

a few days later, "providing penalties for the larceny of motor vehicles," both Section 396 and 397 were amended so as to apply to motor vehicles. We think the codifications of 1918 and 1943 were intended as substitutes for prior laws on the same subjects, relating to motor vehicles as such, and not of all statutes—or common law—relating to motor vehicles as part of their subject matter, *e.g.*, murder by automobile, manslaughter by automobile (Act of 1941, Ch. 414) or other crimes when committed by the use of automobiles.

The basic question is whether Section 154 of the Act of 1943 defines the same offense as Section 397 of Article 27. We agree with the judge who heard these cases that "the phraseology of [Section 397]"—and likewise of Section 154—"cannot be commended for excessive clarity." We need not decide whether the Act of 1943 (1) broadens the former acts by omitting the limitation to use upon highways or continues this limitation by the caption "Operation of Vehicles Upon Highways" (*Cf. Bowser v. State*, 136 Md. 342, 344, 345, 110 A. 854 with note, 37 A.L.R. 927, 1077-1094, and cases cited, and see Article 66½, Sections 2 (65), 133 (a) and 136), or (2) narrows the former acts, *e.g.*, by exempting "joy-riders" who use an automobile at night with intent to return it before the owner desires possession in the morning. In any event "intent * * * to deprive [the] owner of his possession" includes future possession and is not limited, like common law larceny, to a taking out of the owner's present possession.

Section 397 "in important respects * * * falls far short of larceny." *Bowser v. State*, 136 Md. 342, 345, 110 A. 854, 855. In other important respects it includes elements similar to larceny, *e.g.*, "take and carry away." Even if it includes "take and carry away out of the custody or use of any person" other than the owner, it can hardly include unauthorized use by a bailee, *e.g.*, a garage keeper of an automobile already in his "custody or use." On the other hand, pushing (*Bailey v. State*, 150 Tenn. 598, 266 S. W. 122) or towing an automobile would be "take and carry away" under Section 397, but

not "driving" under the Act of 1943. Decision of questions now left undecided might or might not establish other differences between the two offenses.

Unquestionably Section 397 and the Act of 1943 define very similar offenses. We do not think the offenses are the same. In view of the differences between the offenses covered by the two statutes, and of the fact that in 1918 Section 397 (and also 396) were amended to include motor vehicles a few days after codification of the motor vehicle laws, we are of the opinion that so far as the record in this case shows, the 1943 codification, like the 1918 codification, can stand together with Section 397 (and 396) and does not repeal Section 397 (or 396).

*Orders reversed, without costs, and appellees remanded to custody.*