JEROME EDGAR THOMAS *v.* STATE OF
MARYLAND

[No. 882, September Term, 1974.]

*Decided May 8, 1975.*

The cause was argued before ORTH, C. J., and GILBERT and LOWE, JJ.

*Henry J. Monahan, Assigned Public Defender,* for appellant.

*David B. Allen, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County* and *Stephen A. Shaw, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

In this appeal, we are asked whether conviction in the District Court of Maryland for violation of Md. Ann. Code art. 66½, § 4-102 (a) (Driving a motor vehicle without the consent of the owner) precludes a subsequent conviction for violation of Md. Ann. Code art. 27, § 349 (Unauthorized use of a vehicle), when both charges arose from the same occurrence. We conclude that the second trial was not barred by the doctrine of double jeopardy, and we hereinafter state our reasons.

Sometime between January 31, 1973 and February 6, 1973, Jerome Edgar Thomas, appellant, appropriated to his own use the 1968 Ford stationwagon of Stephen Sziarto. The vehicle had been in a repair shop in Montgomery County when it was taken. Thomas was apprehended at the toll gate to the Baltimore City Harbor Tunnel on February 6, 1973. He came to the attention of the tunnel authorities because he was driving in a suspicious manner. As a result of Thomas's having been stopped and questioned, it was determined that he was violating Md. Ann. Code art. 66½, § 6-101.1 in that he did not have a license, and § 4-102 (a). Thomas [1] was issued two "Maryland Uniform Complaint and Summons" forms. Trial was had on the summons before Judge Carl W. Bacharach on March 1, 1973, in the District

---

1. The summons were issued to "Robert N.M.I. Matthews", but at the trial, in the District Court, it was established that "Matthews" was an alias.

Court of Maryland, Division 1, Baltimore City. Thomas was adjudged guilty of both motor vehicle offenses and sentenced to two consecutive 60 day terms.

On June 7, 1973, Thomas was indicted by the Grand Jury for Montgomery County on three counts. He was charged with "Larceny of Motor Vehicle", "Unauthorized Use of Motor Vehicle" and "Receiving Stolen property of the Value of One Hundred Dollars or More." Thomas's counsel filed a motion to dismiss on the ground, *inter alia*, of double jeopardy. The motion was denied. When the case was called to trial, the motion was renewed and once again denied. At the conclusion of the State's case the trial judge granted judgments of acquittal with respect to the larceny and receiving counts. Thomas, at the close of the evidence, was convicted of unauthorized use and sentenced to two years imprisonment, with credit for the time served in the Baltimore City Jail, upon the two traffic offense sentences, and the time spent in the Montgomery County Jail while awaiting trial in the instant case.

The Fifth Amendment to the Constitution of the United States provides in pertinent part:

> ". . . [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb. . . ."

This clause has been held to be applicable to the several States through the Fourteenth Amendment. *Ashe v. Swenson*, 397 U. S. 436, 90 S. Ct. 1189, 25 L.Ed.2d 469 (1970); *Benton v. Maryland*, 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969); *North Carolina v. Pearce*, 395 U. S. 711, 89 S. Ct. 2072, 23 L.Ed.2d 656 (1969). Maryland has no State Constitutional provision proscribing double jeopardy, but had, prior to *Benton v. Maryland, supra,* provided such protection through the common law. *See Matter of Anderson*, 20 Md. App. 31, 43, n. 19, 315 A. 2d 540 (1974), *aff'd* 272 Md. 85, 321 A. 2d 516 (1974), *cert. denied*, 95 S. Ct. 21 (1974).

According to one text writer, "double jeopardy" had its

origin in law long before the common law of England. J. Sigler, *Double Jeopardy, The Development of a Legal and Social Policy* 3 (1969). "In early church law . . . there arose the principle that God does not punish twice for the same transgression." F. Pollock & F. Maitland, *A History of English Law* 448-49 (2d ed. 1899).

Sir William Blackstone, in Volume 4 of his *Commentaries of the Law of England* (Lewis ed. 1902), said at *336:

> ". . . [T]he plea of *autrefoits convict,* or a former conviction for the same identical crime, . . . is a good plea in bar to an indictment. And this depends upon the . . . principle . . . that no man ought to be twice brought in danger of his life for one and the same crime . . . . It is to be observed that the plea of *autrefoits acquit* or *autrefoits convict,* or a former acquittal and former conviction, must be for the same identical act and crime." (Footnotes omitted).

1 Wharton's *Criminal Law and Procedure* § 144 (Anderson ed. 1957) states:

> "The 'same offense' within the meaning of double jeopardy includes not only the offense charged in the first indictment *but also any offense of which the defendant could properly have been convicted on the trial of the first indictment.* Thus, when the accused killed two animals belonging to the same owner as part of one transaction, a conviction as to one animal will be a bar to a proceeding as to the other. . . ." (Footnote omitted). (Emphasis supplied).

Wharton further states at § 147:

> "In many jurisdictions if a minor offense is embraced within a higher crime as a constituent element or component part, and on trial of the higher offense there *could* be a conviction of a minor offense, a conviction of the minor offense

will bar a prosecution for the higher crime."
(Footnote omitted). (Emphasis supplied).

Justice Buller in *Rex v. Vandercomb* 2 Leach 707, 168 Eng.
Rep. 455 (1796) declared,

> "Unless the first indictment were such as the
> prisoner might have been convicted by proof of the
> facts contained in the second indictment, an
> acquittal of the first indictment can be no bar to the
> second."

This test, known as "Buller's rule", is the one that is most
commonly followed. J. Sigler, *supra* at 100.

In *Gilpin v. State*, 142 Md. 464, 121 A. 354 (1923) the Court
of Appeals, speaking of the rule relative to double jeopardy,
said:

> "The rule, though a simple one, is sometimes
> difficult in its application. The difficulty arises in
> determining whether the charge against the
> accused is the same offense, within the meaning of
> the rule, as that for which he has already been
> tried.
>
> The offenses are not the same though growing
> out of the same transaction, when one differs in *all*
> its elements from the other, or when the evidence
> adequate to one, does not relate to, or support the
> other. Bishop on Criminal Law, 1 § 1051."
> (Emphasis supplied).

Three months later, the Court in *Kaefer v. State*, 143 Md.
151, 157, 122 A. 30 (1923) said that the person raising the
plea of *autrefois convict* carries the burden of proving that
the prior and subsequent indictments arose from an
"identity of the offenses."

Identity of offenses continued to be the law. *See Rouse v.
State*, 202 Md. 481, 97 A. 2d 285 (1953), *cert. denied*, 346 U. S.
865, 74 S. Ct. 104, 98 L. Ed. 376 (1953), wherein Judge
Hammond (later Chief Judge) writing for the Court
declared:

"... [Former jeopardy] can be invoked only when the crimes are the *same* in law and in fact. ..."

Very recently, however, the Court seemingly departed from its identity of offenses or sameness standard and appears to have injected a new test into the double jeopardy arena. Without specifically overruling or discussing *Gilpin, Kaefer,* or *Rouse,* all *supra,* and their ancestors or decendants, the Court articulated a "substantially the same" test. In *Matter of Anderson,* 272 Md. 85, 321 A. 2d 516 (1974), *aff'g* 20 Md. App. 31, 315 A. 2d 540 (1974), *cert. denied,* 95 S. Ct. 21 (1974), the Court of Appeals stated at 97:

"Two basic questions arise when the defense of double jeopardy is raised, [1] whether the defendant was 'in jeopardy' in the prior proceeding and [2] whether the previous charge is *substantially the same* as that which he faces when the defense is raised. This is what constitutes 'jeopardy' and 'sameness' in an offense." (Emphasis supplied).

We construe the reference to "substantially the same" as meaning that the prosecution for each offense requires proof of the same facts. We note that the *Anderson* Court did not allude to, discuss or distinguish its own precedents, and we do not believe that it intended to depart from them. In any event we think it could not validly do so. *See Oregon v. Hass,* 420 U. S. 714 (1975), No. 73-1452, decided March 19, 1975. In *Hass,* Mr. Justice Blackmun, in footnote 4, observed that the Supreme Court of Oregon had stated in *State v. Florance,* Ore., 527 P. 2d 1202, 1208 (1974), a search and seizure case,

" 'If we choose we can continue to apply this interpretation. We can do so by interpreting Article 1, § 9 of the Oregon constitutional prohibition of unreasonable searches and seizures as being more restrictive than the Fourth Amendment of the federal constitution. Or we can interpret the Fourth

Amendment more restrictively than interpreted by the United States Supreme Court' (footnote omitted)."

Mr. Justice Blackmun stated:

"The second sentence of this quoted excerpt is, of course, good law. The last sentence, unsupported by any cited authority, is not the law and surely must be an inadvertent error; in any event, we reject it."

We have previously noted that Maryland has no State Constitutional proscription against "double jeopardy". *See Matter of Anderson, supra,* 20 Md. App. 31, at 43, n. 19. Inasmuch as *Benton v. Maryland, supra,* mandates that the federal double jeopardy provision of the Fifth Amendment is applicable to the several States through the Fourteenth Amendment, it follows that in those States that have no constitutional safeguards, or less restrictive common law prohibitions against double jeopardy, the federal standards "must be applied in accordance with the Supreme Court's constitutional constructions and interpretations", *Matter of Anderson,* 20 Md. App. 43, n. 19, *supra.* Maryland is not at liberty to interpret the Fifth Amendment more restrictively than the Supreme Court of the United States. Under *Benton* and *Hass,* both *supra,* we are bound in interpreting former or double jeopardy to utilize the interpretation of this country's highest court, and we are not free to interpret the Fifth Amendment in a manner more restrictive than that august body has done. *See also Ianelli v. United States,* 420 U. S. 770, n. 17 (1975), No. 73-64, decided March 25, 1975.

The question that then arises is what has the Supreme Court said regarding double jeopardy? That question is answered in *Blockburger v. United States,* 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). A unanimous Court, speaking through Mr. Justice Sutherland, said:

". . . [T]he test to be applied to determine whether there are two offenses or only one, is whether each prosecution requires proof of a fact which the other does not."

The Court quoted with approval the language of the Supreme Judicial Court of Massachusetts, in *Morey v. Commonwealth,* 108 Mass. 433 (1871), wherein it is said:

"A single act may be an offense against two statutes; and *if each act requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."* (Emphasis supplied).

Thus, *Blockburger, supra,* revitalized in *Gore v. United States,* 357 U. S. 386, 78 S. Ct. 1280, 2 L.Ed.2d 1405 (1958), made it transpicuous that one may successfully interpose the defense of double jeopardy only if the two or more charged offenses require proof of the *same facts.* If the offenses necessitate a proving of a fact or facts not necessary to conviction in the prior charge, a plea of double jeopardy does not lie.

We shall now examine the statutes involved in this appeal. Md. Ann. Code art. 66½, § 4-102 (a) provides:

"Any person who drives a vehicle, not his own, without the consent of the owner thereof, and with intent temporarily to deprive the owner of his possession of such vehicle, without intent to steal it, is guilty of a misdemeanor."

With respect to unauthorized use of a vehicle, the legislature has mandated in Md. Ann. Code art. 27, § 349:

"Any person or persons, his or their aiders or abettors who shall enter, or being upon the premises of any other person, body corporate or politic in the State, shall, against the will and consent of said person or persons . . . or their agents, wilfully take and carry away any . . . motor vehicle as defined in the laws of this State relating to such, or property whatsoever, or take and carry away out of the custody of use of any person . . . or his or their agents, any . . . [motor vehicle] at whatsoever place the same may be found, shall

> upon conviction thereof in any of the courts of this State having criminal jurisdiction be adjudged guilty of a misdemeanor ... although it may appear from the evidence that such person ... took and carried away the ... [vehicle] ... for his ... present use, and not with the intent of appropriating or converting the same."

The Court of Appeals in *Wright v. Sas*, 187 Md. 507, 50 A. 2d 809 (1947) discussed the history of Laws 1943, Ch. 1007, § 154 (The Motor Vehicle Code) and § 397 of the then Criminal Code. The sections treated of in *Wright* are the same as those now codified as Md. Ann. Code art. 66½, § 4-102 (a) and as Md. Ann. Code art. 27, § 349, respectively. *Wright* states that although the two sections are "very similar offenses", they are not "the same." An analysis of those two statutes reveals that there is at least one element, *viz.*, "entry", that is required to be proved when an unauthorized use violation is alleged which is not essential to a conviction for operating a motor vehicle without the owner's permission. Md. Ann. Code art. 66½, § 4-102 (a). Furthermore, proof of "driving" is required under the motor vehicle code violation, but is not a factor in unauthorized use. Md. Ann. Code art. 27, § 349.

The offense for which the appellant stood trial in the District Court was not the same, within the meaning of *Blockburger, Gilpin, Kaefer* or *Rouse*, all *supra*, as that for which he was subsequently brought to Bar before Judge John F. McAuliffe in the Circuit Court for Montgomery County. Judge McAuliffe correctly denied the appellant's motions to dismiss the indictment, as well as the appellant's subsequent motion for judgment of acquittal.

Appellant also argues that the State failed to prove all of the elements of the offense of unauthorized use. He asserts that the statute requires an affirmative showing that the accused entered "upon the premises from which the vehicle was taken."

The evidence showed that the vehicle in which appellant was apprehended had been taken without consent of the

owner or the bailee from a repair garage in Montgomery County. Neither the owner nor the bailee knew the appellant, and both expressly denied giving permission to appellant to drive the vehicle. That appellant was arrested while driving the vehicle of another, without the permission of the owner or the owner's agent, gives rise to a rational inference that the operator of the vehicle was the person who unlawfully entered upon the premises where the vehicle was garaged, and unlawfully took the car from the possession of the owner or the owner's agent. Consequently, the evidence was sufficient to support an inference of "entry", and we are unable to state that the trial judge's finding of guilt as a result thereof was clearly erroneous. Md. Rule 1086.

*Judgment affirmed.*