## LEE *v.* STATE

[No. 413, September Term, 1964.]

*Decided October 13, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, OPPENHEIMER and BARNES, JJ.

*James L. Bundy* for appellant.

*Jon F. Oster, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.,* and *George J. Helinski, State's Attorney* and *Deputy State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

Caril Lee was indicted jointly with Samuel Sumpter on charges of larceny and unauthorized use of the automobile of a Mrs. Garner and both were found guilty of unauthorized use by Judge Harris sitting without a jury in the Criminal Court of Baltimore.

Lee on appeal claims (a) the evidence was insufficient to sustain the conviction; (b) Judge Harris erred in not finally ruling on Lee's motion for a verdict of acquittal when it was made

at the conclusion of the State's case and before Sumpter testi-
fied in his own behalf; and (c) he was prejudiced when Judge
Harris, before reaching a verdict, received the testimony of the
codefendant Sumpter and learned of the latter's criminal record,
which included a conviction for larceny of an autmobile and
one for an attempt to steal a car. We find no merit in any of
these contentions.

Mrs. Garner testified that she worked at night at the Uni-
versity Hospital in Baltimore and had parked her 1960 Chev-
rolet car on Redwood Street near the hospital at 10:50 p.m.
on August 31, 1964, when she went to work, and that it was
gone the next morning when she sought it to drive home. She
recovered her car in Georgetown, Delaware. Trooper Short
of the Delaware State Police testified that Lee was driving Mrs.
Garner's car in Georgetown, Delaware, at about 5:00 a.m. on
the morning of September 1, 1964, when he stopped him for
investigation. Lee had no operator's license, no form of identifi-
cation and no money, and Sumpter, who was enjoying an al-
coholically induced nap on the back seat, likewise had no way
to identify himself, and no money. Lee told Trooper Short he
had borrowed the car from a Harry Walker in Baltimore. The
trooper found in the car its registration card which showed the
owner to be Mrs. Garner. From this testimony there was suffi-
cient evidence to permit the trier of facts to infer that Lee had
unlawfully taken and carried away "out of the custody or use"
of the owner, Mrs. Garner's car for his "present use," contrary
to Code (1957), Art. 27, Sec. 349. *Anello v. State*, 201 Md.
164.

After the State produced the testimony outlined above, Lee's
experienced and able lawyer moved for a verdict of acquittal
which Judge Harris denied at that time, suggesting that he
would rule at the close of the whole case. Lee announced that
he would not take the stand or offer evidence. Sumpter then
took the stand and after he had answered several preliminary
questions Lee's lawyer moved the court not to consider any
of Sumpter's testimony against Lee because Lee had moved for
a verdict of acquittal at the close of the State's case and then
rested, and the case against him must be decided in the posture
in which it had ended. Judge Harris asked Lee's counsel if he

desired a ruling immediately and the reply was: "* * * if the Court wants to hold its ruling until both cases are completed, fine, but I certainly want our case determined as of the point we rested, sir." Judge Harris then said: "As of the close of Lee's case?" and counsel answered "Right"—that he wanted the record to show "* * * that the ruling will be based on that testimony alone." Judge Harris responded: "* * * the ruling * * * at the end of the case will be based as to Lee upon the posture of the case when Lee's case was rested." The testimony, then, shows that Lee, through his counsel, was satisfied with Judge Harris' statement that he would rule on Lee's motion based only on the testimony as of the time the motion was made.

Sumpter then continued his testimony which, among other things, revealed that he had had four prior convictions including the two automobile larceny cases. At the end of Sumpter's testimony the court, after hearing argument, denied both Lee's and Sumpter's motions for verdicts of acquittal and added: "The motion as to Lee being denied on the basis of the evidence in the case when his case was rested."

For at least three reasons we think Lee has no basis to claim prejudice on the ground that his motion was not ruled on until the end of the whole case. First, Lee, through his counsel, agreed that the ruling could be deferred until the end of the whole case, if it was based only on the evidence produced by the State; second, Judge Harris, at the beginning of Sumpter's testimony, said explicitly he would find Lee guilty or not guilty on the State's testimony only and at the end of the whole case he said he had done this; and third, the State's testimony so clearly indicated that Lee was guilty as to negate any inference that Judge Harris' ultimate decision as to Lee was influenced by anything revealed by Sumpter's testimony.

*Judgment affirmed.*