## JOHN ARCHIE MALLOY *v.* STATE OF MARYLAND

[No. 299, September Term, 1967.]

*Decided June 21, 1968.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John W. Mitchell* for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *John J. Garrity, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

John Archie Malloy, the appellant, was convicted of petty larceny in a jury trial in the Circuit Court for Prince George's County. He was sentenced to the jurisdiction of the Department of Correction for six months. On appeal he contends that his motion for judgment of acquittal should have been granted, and that there was an error in the instructions to the jury.

There was evidence from which the jury could find that: On August 7, 1967, a little after 2:00 P.M., Malloy, with three other men, Jewell, Webster and Blackledge, entered a Drug Fair Store on Greenbelt Road in Prince George's County, Mary-

land. Malloy and Jewell went to the sunglass rack where they proceeded to look over the merchandise and try on various sunglasses, staying there ten or fifteen minutes. Webster, another of the three men, was between the first two and the store's office. Blackledge entered the office, took some money from the safe, and climbed over a wall separating the office from the store. He ran some 400 yards to another store, Klein's, which he entered. Watts, the manager of the Drug Fair Store, observed Jewell and Malloy together at the sunglass rack, as well as Webster nearby. Their actions attracted his attention. Later he observed Blackledge's head appearing over the top of the office wall and started toward him, going between Jewell and Malloy but was blocked by Webster whom he pushed into another sunglass rack. Webster then grabbed the manager and said, "Man, what are you trying to do?" Malloy pulled the manager from behind while the manager was engaged in the scuffle.

Jewell, Webster and Malloy left the Drug Fair, got into their automobile, drove to Klein's and sounded the horn of the car just as Blackledge entered Klein's. The other three also entered Klein's where all four were apprehended. Malloy, upon questioning by the police, denied any knowledge of the crime or that he knew Blackledge. Blackledge on the witness stand admitted knowing the other three but denied they were in any way involved in the larceny which he admitted.

## I Instructions

Malloy's defense was that he was an innocent bystander and that, although his actions in interfering with the manager undoubtedly aided in the escape of Blackledge, that the aiding was without knowledge that a crime had been committed. Against this background the instructions of the court on the subject of the specific crime contained only the following:

> "The defendant, John Archie Malloy, has been charged on one count for the alleged crime of petty larceny. Petty larceny is the unlawful taking by trespass of the personal property of another with the intention to deprive the owner thereof permanently."
>
> * * *
>
> "At common law there are no accessories to a mis-

demeanor, but all persons who aid or encourage the commission of a misdemeanor are chargeable as principals, and the fact that this man has been charged with the crime by information is not evidence * * *."

Malloy excepted to these portions of the charge in the following language:

"Mr. Mitchell: The defendant moves the Court to instruct the jury that in order for the defendant to be found guilty of the crime charged under the facts in this case it must be shown and be held that at the time of the commission of the offense a community of criminal intention existed with the defendant or with Blackledge, the actual perpetrator of the offense, or that he aided or abetted Blackledge in the commission of the offense. Conversely, if the jury should fail to find that Malloy obtained a community of criminal intent with Blackledge at the time the offense was committed or if they should find that he failed to aid or abet the same then their verdict should be not guilty. That is the same thing I raised in chambers."

Counsel on appeal concedes that his exception was inartfully worded but he contends, and we agree, that it adequately brought to the court's attention the fact that his instruction did not cover the essential element of guilty knowledge. The proposition that the crime of aiding and abetting a larceny requires guilty knowledge hardly requires a citation of authority; see however, *Anello v. State,* 201 Md. 164, 93 A. 2d 71, 73.

We hold that the court's instruction should have included the fact that the aiding and abetting must have been done with guilty knowledge, actual or constructive. It is incumbent upon the court, when requested, to give an advisory instruction on every essential point of law supported by the evidence. *Bruce v. State,* 218 Md. 87, 97, 145 A. 2d 428, *Huber v. State,* 2 Md. App. 245, 258, 234 A. 2d 264 and *Tipton v. State,* 1 Md. App. 556, 561, 232 A. 2d 289.

## II Sufficiency of the Evidence

We have no difficulty in holding that the evidence was suf-

424

ficient to support the conviction and that the motion for judgment of acquittal should have been denied.

*Judgment reversed and case remanded for a new trial; costs to be paid by the County Commissioners of Prince George's County.*