## JOHN FREDERICK LANG *v.* STATE OF MARYLAND

[No. 122, September Term, 1968.]

*Decided February 18, 1969.*

*Richard M. Bader* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Steven Harris, Assistant State's Attorney for Baltimore City,* on the brief for appellee.

Per Curiam.

The appellant, John Frederick Lang, was convicted of assault with intent to murder by a jury in the Criminal Court of Baltimore, Judge Meyer M. Cardin presiding. He was sentenced to ten years under the jurisdiction of the Department of Correction.

In this appeal the following questions are properly before us:

(1) Did the lower court err in failing to instruct the jury that a homicide, if committed in the "heat of passion", is reduced from murder to manslaughter; thereby reducing the crime charged, assault with intent to murder, to assault?

(2) Were the instructions of the court, when considered in their entirety, confusing to the jury and prejudicial to the appellant?

I

It is quite settled that it is incumbent upon the court, when requested, to give an advisory instruction on every essential point of law supported by the evidence. *Malloy v. State*, 4 Md. App. 420, 423, 243 A. 2d 649 (1968); *Mock v. State*, 2 Md. App. 771, 774, 237 A. 2d 811 (1967). The exact point of dispute is whether there was sufficient evidence adduced at trial to support an instruction on the heat of passion doctrine. The particular question seems never to have been directly raised before this Court. The type of inquiry, however, is a familiar one. See *Mock v. State, supra* at 774-75.

The relevant elements of the heat of passion doctrine are (a) that there must be passion actually aroused in the actor,[1] (b) that such passion must be an intensity sufficient to obscure the reason of the actor,[2] and (c) that such passion must be due

---

1. *Davis v. State*, 204 Md. 44, 54, 102 A. 2d 816 (1954); Wharton, *Criminal Law* § 275 (Anderson ed.); Warren, *Homicide* § 90 (perm. ed.). Wharton, at § 275, includes "terror" as a passion. Although no prior Maryland case has so included terror, apparently because the issue was not raised, we have assumed *arguendo* that terror is a cognizable passion.

2. *Webb v. State*, 201 Md. 158, 163, 93 A. 2d 80 (1952) (quoting Wharton, *Criminal Law*); Hochheimer, *Criminal Law*, § 346 (2)

to a legally adequate provocation.[3] Thus, in order for instruction regarding heat of passion to be required, evidence must be introduced from which the jury could have found each of the above mentioned elements. We shall consider the elements seriatim.

Evidence was introduced which could support a finding that appellant was in passionate anger or, what is more likely, that he was in passionate terror. As we mentioned above, this element involves the appellant's subjective state of mind. See note 1, *supra*. One witness testified that the appellant "must have been awfully scared because he looked . . . like animals . . . he was all shakey . . . his face was sort of distorted . . . how you get when you're real mad or something." Another witness testified that appellant "looked pretty scared . . . his face didn't seem contorted." The appellant himself testified as follows:

"Q. Why did you shoot him?
"A. I was scared. I didn't know what he was going to do.
"Q. What were you scared of?
"A. I was scared of him, what he was going to do. I didn't know if he had a gun or what."

This testimony might also have been sufficient to support a finding that the anger or terror was sufficiently intense to obscure the appellant's reason, again a subjective inquiry. See note 2, *supra*.

With respect to the element of adequate provocation, the evidence showed that immediately before the shooting the victim called the appellant "a chump" and "a chicken," dared the appellant to fight, shouted obscenities at the appellant, pointed his finger at the appellant, and shook his fist at the appellant, all

---

(second ed.); Wharton, *Criminal Law* § 275 (Anderson ed.); Warren, *Homicide* § 90 (perm. ed.).

**3.** *Webb v. State, supra* note 2, at 163 (quoting Wharton, *Criminal Law*).

The general statement made is that adequate provocation may consist of anything the natural tendency of which is to produce passion in ordinary men. Wharton, *Criminal Law* § 276 (Anderson ed.); Wharton, *Homicide* § 172 (third ed.); Warren, *Homicide* § 93 (perm. ed.). Maryland does require that the provocation be such as "affect and influence ordinary minds." *Garlitz v. State,* 71 Md. 293, 304, 18 A. 39 (1889).

of this occurring at distances variously ranging from five to thirty feet. The victim was approximately fifteen feet from the appellant when shot. During the entire incident the victim was on the lawn outside of the appellant's apartment and the appellant was inside the apartment. During the latter part of the incident the appellant was standing at his window. The window sill was approximately four feet from the ground level and under the window was a window well six to seven feet in length and three to four feet in depth, with no figure given at trial as to width.

At this point our inquiry becomes an objective one, namely, whether the above facts constitute such provocation as would drive a reasonable and ordinary man into passionate anger or terror. See note 3, *supra*. It is generally held that mere words, threats, menaces or gestures, however offensive and insulting, do not constitute adequate provocation. *Davis v. State*, 204 Md. 44, 54, 102 A. 2d 816 (1954) (by implication); Wharton, *Criminal Law* § 277 (Anderson ed.); Warren, *Homicide* § 92, 95; Annot. 2 A.L.R. 3d 1292. However, there is authority that sufficient provocation may consist of words accompanied by conduct indicating a present intention and ability to cause the appellant bodily harm. Wharton, *Criminal Law* § 277 (Anderson ed.) and cases there cited at footnote 3. In the instant case we understand the provocation to be merely words and gestures. The record shows no indication that the victim had a present *intention* to cause the appellant bodily harm; he (the victim) certainly made no attempt to enter the apartment through the door, and he showed no inclination to try to climb through the window. Without entering the apartment he had no present *ability* to harm the appellant, as he was unarmed during the entire incident.

We hold, therefore, that merely shouting epithets such as "chump" and "chicken," or shouting obscene words, or shaking finger or hand at the appellant, where there is no evidence of a present intention or ability to cause the appellant bodily harm will not constitute legally sufficient provocation for purposes of requiring an instruction on heat of passion. Thus it was not error for the trial court to refuse such an instruction.

## II

In support of his second contention appellant argues that the

failure of the court to instruct on heat of passion confused the jury. We have disposed of this above, holding that there was no error in such failure under the circumstances of this case.

Appellant also argues that the *"Allen* charge" given to the jury was prejudicial because given after the jury had deliberated less than five hours. See *Allen v. United States,* 164 U. S. 492, 17 S. Ct. 154 (1896). The jury here retired at 11:40 a.m., returned to the court at 2:30 p.m. to ask a question, and was recalled at 4:00 p.m., at which time the *Allen* charge was given. The jury retired again at 4:15 p.m. and returned to render their verdict at 4:22 p.m.

This Court, while recognizing that the *Allen* charge has been criticized in recent years, see *Plumley v. State,* 4 Md. App. 671, 681, n. 3, 245 A. 2d 111, 118, n. 3 (1968), has nevertheless approved its use in criminal cases where the jury was unable to reach a verdict after seven hours, *Plumley v. State, supra,* and six hours, *Stewart v. State,* 4 Md. App. 565, 244 A. 2d 452 (1968). There has been no allegation or showing that the content of the charge here given was coercive, see *Plumley v. State, supra* at 682-683, and indeed there could be none since the language used by the court was quite similar to that approved in *Allen, Stewart,* and *Plumley, supra.* Under these circumstances we hold that the mere fact that the *Allen* charge was given after the jury had deliberated less than five hours does not show an abuse of the trial court's discretion.

### III

Appellant attempts to raise on this appeal the question whether the court erred in not instructing the jury that appellant had a right to arm himself under certain circumstances. This issue may not be assigned on appeal as a matter of right since there was no request for or objection to the lack of such an instruction, Maryland Rule 756 (f), (g). Although we are permitted to review a plain and material error in the instructions under Maryland Rule 756 (g), we do not think, under the circumstances of this case, that this was such an error.

*Judgment affirmed.*