CARL WILSON, JR. *v.* STATE OF MARYLAND

[No. 1037, September Term, 1976.]

*Decided May 19, 1977.*

The cause was argued before MOYLAN, POWERS and MOORE, JJ.

*George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Stephen B. Caplis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Ralph M. Burnett, State's Attorney for Garrett County,* and *James L. Sherbin, Assistant State's Attorney for Garrett County,* on the brief, for appellee.

Powers, J., delivered the opinion of the Court.

Carl Wilson, Jr. has appealed from the judgment entered against him in the Circuit Court for Garrett County, sitting as a juvenile court. The charge against Wilson, contained in a juvenile petition and a warrant sworn to and issued on 31 August 1976, was:

"* * * committing an act or omission causing Timothy William Beeman, age 13, to be adjudicated a child in need of supervision: To-wit: providing alcoholic beverage to the above named child."

At the conclusion of a hearing on 1 October 1976 Wilson was found guilty, and was sentenced to imprisonment for two years.

The only issue urged in this appeal is that the lower court erred in denying a motion to dismiss the charge made in the juvenile petition, on the ground of double jeopardy. We hold that the motion should have been granted; that the court erred in denying it; and that the judgment in this case must be reversed.

A substantial degree of informality pervaded the proceedings below, and we think that justice requires the same degree of informality in our consideration of the issue. Trial of this case in the circuit court, sitting as a juvenile court, was consolidated with a similar petition against another adult, Lester Lewis, for the same offense. At the outset, Wilson's counsel moved to "dismiss the case on grounds of double jeopardy * * * because the defendant was tried in District Court on a criminal offense arising out of the same incident." Counsel for Lewis made a similar motion. The court was advised that the charge in the District Court was knowingly giving alcohol to a minor, and was brought under Art. 27, § 401. It was stated that the facts were the same as the facts on which the juvenile charge was brought.

Wilson's counsel argued that it was double jeopardy unless each offense had at least one element that the other

offense did not. He stated that all of the elements were the same, "with the addition in this court that there has to be a prior finding of delinquency." The court said, "There has been.", and counsel replied, "Yes, sir, there was just a few minutes ago in this court." [1]

The court ruled, saying:

> " * * * I think where a person, take a hypothetical case where a person, takes a juvenile, or a 13-year old juvenile out and supplies him with alcoholic beverages, that they are guilty of two separate offenses, one, is criminal in the District Court, and the other one is juvenile in Juvenile Court. I think we have two distinctive separate charges. I do not feel that double jeopardy applies in this case, and the motion on behalf of Mr. Wilson and the motion on behalf of Mr. Lewis will be denied."

To determine whether the charges in the two cases were based upon the same acts, it is necessary to review the evidence briefly. On the afternoon of 14 July 1976, David Albert, 26 years old, was going to return some borrowed tools to Lester Lewis. Albert took the juvenile, a neighbor, with him. On the way, Albert bought a six-pack of beer. He and the juvenile each drank three beers before they arrived at Lewis's house. Lewis was not at home, so they left. Albert bought three more six-packs of beer, then returned and found Lewis at home. Albert, the juvenile, Lewis, and a brother-in-law of Lewis each drank some of the beer. The juvenile became quite drunk.

---

1. We are troubled by several questions about this aspect of the case. There was no formal evidence of any District Court charges, proceedings, or results. Presumably, counsel's comments about it were accepted as the equivalent of evidence. Likewise, there was no evidence of any kind that the child had been adjudicated to be a child in need of supervision, as charged in the juvenile petition and warrant. At most, there was an indication that immediately before the trial of this case, there had been a finding of delinquency. For the purpose of our decision in this case, we may assume that the fact of appellant's prior trial, and the fact of an adjudication of the child, sufficient to satisfy the statutory requirement, were proved.

Albert tried to start his car, and was unable to do so. Wilson, the appellant here, came along and rendered assistance. Then they all had a couple of beers, standing around the car. Next, with the juvenile in the back seat and the three adults, Albert, Lewis, and Wilson in the front seat, they left Lewis's house. As Albert put it, "we" [2] got another six-pack. All of the beer was on the floor of the front seat, and, according to Albert, the juvenile on the back seat kept nagging for beer. Albert said that Wilson and Lewis each handed one beer to the juvenile.

The State argues in this appeal that each of the two charges against Wilson contains an element that the other does not, and therefore prosecution of the second case was not barred by the prohibition against double jeopardy. Code, Art. 27, § 401 (a) says, in part:

"Any person who obtains any spirituous or fermented liquors from any other person licensed to sell them for any minor or person under age 21, except that the age shall be 18 years for beer or light wine, knowing him to be such, to be drunk by the minor or person under age 21, except that the age shall be 18 years for beer or light wine, is guilty of a misdemeanor * * *."

Code, Courts Art., § 3-831 [3] says, in part:

"(a) It is unlawful for an adult wilfully to contribute to, encourage, cause or tend to cause any act, omission, or condition which renders a child delinquent, in need of supervision, or in need of assistance.

---

2. Because Lewis and Wilson were convicted in the District Court under Art. 27, § 401, we must assume that both of them participated in this purchase of the fifth and last six-pack of beer involved in the episode.

3. Both appellant and appellee refer to the applicable section of the juvenile law as Courts Art., § 3-840. That section was repealed by Acts of 1975, ch. 554, which, in a general reenactment of the juvenile law, covered the same subject in § 3-831.

"(b) A person may not be convicted under this section unless the child has been adjudicated delinquent, in need of supervision, or in need of assistance. * * * "

It is apparent at a glance that the wrongful acts which constituted the crime for which Wilson was tried and convicted in the District Court were:

a. obtaining beer from a person licensed to sell it

b. for a person under age 18

c. to be drunk by the person under age 18.

The element that the alcoholic beverage be obtained from a person licensed to sell it is not an element, as the State points out, of the offense under the juvenile law. The additional element of that offense, the State argues, is that a person may not be convicted unless the child has been adjudicated.

The Court of Appeals, in *Thomas v. State*, 277 Md. 257 (1976), held that the "required evidence test" is the proper test to determine whether two offenses are the same for double jeopardy purposes. The Court said, at 267:

"The required evidence is that which is minimally necessary to secure a conviction for each statutory offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes. And of course if both statutes have exactly the same elements, the offenses are also the same within the meaning of the prohibition against double jeopardy, and successive prosecutions are barred."

In this case the violation of the juvenile law could have been, and was, proved by evidence which was also required to prove the violation of Art. 27, § 401. No new or different element was present in the offense against the juvenile law. To prove guilt of that offense, no additional fact was required to be proved. That the statute makes it a condition precedent to conviction that there be an adjudication against the child is not an element of the wrongful acts committed by the accused.

From the beginning the State obviously looked upon adjudication of the child as a mere condition precedent to conviction — not as an element of the crime which it charged that Wilson had committed. The charge was filed and sworn to on 31 August 1976, and included an allegation (at best, anticipatory) of adjudication of the child. Whatever adjudication there was of the child did not become a fact until more than a month later.

Trial of the appellant in the case now before us did place him twice in jeopardy. His motion to dismiss the charge on that ground should have been granted.

*Judgment reversed.*
*Costs to be paid by Garrett County.*