## WALTER LEE WESTMORELAND *v.* STATE OF MARYLAND

[No. 164, September Term, 1969.]

*Decided January 23, 1970.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Robert F. Freeze* for appellant.

*Donald Needle, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General, Charles E.
Moylan, Jr., State's Attorney for Baltimore City,* and
*Michael E. Kaminkow, Assistant State's Attorney for
Baltimore City,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant, together with two codefendants, was charged
by indictment on January 30, 1968 with having, on De-
cember 1, 1967, robbed David Sachs with a deadly
weapon. He promptly filed, in proper person, two mo-
tions to dismiss the indictment on the ground that he
was illegally arrested, held in prolonged illegal detention,
denied his right to counsel, to bail, and to confront the
witnesses against him. He also filed, in proper person, a
motion for discovery and inspection and for particulars
and a motion for reduction of bail.

On February 19, 1968 appellant was arraigned and
counsel was appointed to represent him. On March 13,
1968, appellant again appeared in court, apparently for
further arraignment proceedings, at which time he told
the presiding judge that he was dissatisfied with his
court-appointed counsel. He requested that one of his rel-
atives, who was a lawyer, be appointed to represent him.
The court obliged, and newly appointed counsel entered
his appearance on March 5, 1968, and promptly there-
after filed a motion for discovery. For some reason not
clear from the record, appellant's counsel then struck
his appearance. New counsel was appointed and entered
his appearance on May 3, 1968, after which, on May 22,
1968, he filed a motion to suppress evidence.

On June 29, 1968, appellant wrote a letter to the court
asking that his case be scheduled for trial. The court
treated the motion as one for a speedy trial. On August

6, 1968, appellant, through counsel, filed a new motion to suppress evidence. All pretrial motions having been disposed of, the case was heard by a jury on August 14, 1968, Judge Edwin Wolf presiding. A mistrial was declared. On August 23, 1968, the court appointed additional counsel to represent appellant. On October 7, 1968, appellant was brought in for trial. Acting through his counsel, he filed a written motion to dismiss the indictments on the ground that his "constitutional rights to a speedy trial have been violated, by long, unnecessary, and inexcusable delay by the State of Maryland, all to the prejudice of the defendant." The trial judge, J. Gilbert Prendergast, considered the motion on its merits and denied it. The appellant told the court that he wished immediately to appeal from such ruling and, to this end, he handed an order for appeal to the trial judge who, in turn, according to the record, gave it to the court clerk. The court took the position that under the circumstances the appellant had no lawful right to file an immediate appeal from the court's denial of his motion for a speedy trial. Appellant then told the trial judge that he was not prepared for trial, that his witnesses were not in court because he was advised by Judge Wolf in a letter dated October 3, 1968 that the hearing set for October 7 was only to determine whether his bail should be reduced. Appellant further stated that he had not seen his newly appointed counsel until the morning of October 7, and that he was dissatisfied both with him and previously appointed counsel. He demanded the court appoint new counsel for him. Notwithstanding his protestations, appellant was forthwith required to stand trial and was found guilty by a jury, and subsequently sentenced to twelve years imprisonment.

Appellant contends that the trial judge erred when he forced him to stand trial after he had filed his order for appeal from the court's ruling denying his motion to dismiss the indictment for lack of a speedy trial. He draws attention to Judge Wolf's letter of October 3, 1968, included in the record before us, which shows that Judge

Wolf did acknowledge in his letter that "You are asking for a reduction in your bail," and that "we are hereby setting your bail bond hearing for October 7, 1968."

It is now settled beyond question that an immediate appeal will lie, prior to a trial on the merits, from the refusal to grant a motion asserting the denial of the constitutional right to a speedy trial. *Jones v. State*, 241 Md. 599; *Harris v. State*, 6 Md. App. 7; *Montgomery v. State*, 4 Md. App. 473; *Stevenson v. State*, 4 Md. App. 1; *Brown v. State*, 2 Md. App. 388. The Court of Appeals in *Harris v. State*, 194 Md. 288, decided January 12, 1950, flatly held at page 294 that "when a prisoner claims that he has been denied a speedy trial and has thereby become entitled to be freed of further proceedings in a case, and his claim is decided against him, this is a final ruling denying his claimed right, from which an appeal will lie." While the appeal will lie,[1] we pointed out in *Harris v. State*, 6 Md. App. at pages 17-18, that the accused must follow the proper procedure in perfecting the appeal in order to obtain it; and that under Maryland Rule 1011 (a), governing appeals to the Court of Special Appeals, the appeal "shall be taken by filing an order for appeal with the clerk of the lower court." On the facts of this case, we hold that appellant complied with Maryland Rule 1011 (a) in filing his appeal, and since the lower court had no power to deny the right to the appeal, it lost jurisdiction over appellant's case and the ensuing trial was a nullity. In so concluding, we have not been unmindful of the argument advanced by the Attorney General that to allow such appeals serves no legitimate purpose of the law, places an intolerable burden on the administration of justice, provides a weapon of delay and oppression to those accused of crimes to the prejudice of the prosecution, and opens the flood gates for a torrent of unfounded appeals alleging pretrial denials of constitutional rights. We have also considered

---

1. We noted in *Harris* that there is no right to an immediate appeal where the lower court defers its ruling on the motion until the conclusion of the trial on the merits.

the contention of the Attorney General that the rule allowing such appeals should in no event place a mandatory duty upon a trial judge, in all circumstances, to immediately cease proceedings against an accused, particularly where no prejudice has been shown. But despite the force and logic of these arguments, the law enunciated by the Court of Appeals in *Jones* and *Harris* is still controlling; if a change is to be made, it must come from the legislature or the Court of Appeals, either by Rule or decision.

Appellant devotes but five lines in his brief to support his contention that he was denied his constitutional right to a speedy trial, *i.e.*:

> "The lower Court record indicates that the Appellant was indicted in January of 1968 and was not brought to trial until August 14, 1968. A Motion for Speedy Trial was filed on July 1, 1968, prior to the first trial and the Appellant was not then tried until October 7, 1968.

The contention is patently frivolous and utterly lacking in merit. *See Wilson v. State,* 8 Md. App. 299 (1969); *Barnett v. State,* 8 Md. App. 35; *Stevenson v. State, supra.*

> *Judgment of conviction vacated; case remanded for a new trial. The mandate of this court to issue forthwith.*