JEROME H. HINTON *v.* STATE OF MARYLAND

[No. 658, September Term, 1976.]

*Decided May 12, 1977.*

The cause was argued before MORTON, POWERS and MASON, JJ.

*H. Gregory Skidmore, Assigned Public Defender,* with whom was *A. Gwynn Bowie, Jr., Assigned Public Defender,* on the brief, for appellant.

*Leroy Handwerger, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *Ronald M. Naditch, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

Appellant, Jerome H. Hinton, was convicted in a bench trial in the Circuit Court for Anne Arundel County on two counts of assault, the charges being contained in two separate multi-count indictments. He was sentenced to concurrent ten year terms. In this appeal the single issue is presented:

> "Did the lower court err when it ruled that Appellant's conviction of receiving stolen property in the Criminal Court of Baltimore City did not bar subsequent prosecution and convictions of assault alleged to have occurred when the same property was stolen during the course of an armed robbery?"

Prior to trial, appellant filed a motion to dismiss all counts in each indictment (which ranged from armed robbery and related charges to assault and battery and assault) on the ground that he had previously been convicted in the Criminal Court of Baltimore of receiving stolen property, namely, a Colt .357 magnum revolver which was the same weapon he was alleged to have taken in the course of the robbery of Santoni's Liquor Store in Anne Arundel County, which robbery formed the basis of the charges on which he was about to go to trial. The trial judge granted appellant's motion to dismiss as to all counts in each indictment except those charging assault and battery and assault.

The trial then proceeded on the basis of an agreed statement of facts which counsel for appellant has summarized as follows:

> "At approximately 3:30 P.M. on July 2, 1975, two black males, each armed with a pistol, entered

54

Santoni's Liquor Store in Anne Arundel County and announced a holdup. Three individuals were in the store at the time: Thomas Vaise, who was working the counter, and Richard Linkenhoker and Donald Glenn, who were in the rear of the store. During the course of the robbery, two other persons entered the premises. All five were required by the robbers to place their hands behind their heads.

While one of the robbers searched the victims, the other, allegedly Appellant, jumped the counter and removed cash from the register and two handguns (including a .357 magnum Colt revolver) from a shelf underneath the counter. The robbers then left the store.

Later the same day, Appellant was arrested in Baltimore City while allegedly attempting to commit an armed robbery at Cookie's Liquors. He was armed during this alleged attempted robbery with a magnum revolver, later identified as one of the handguns taken during the Santoni Liquor Store robbery and belonging to Mr. Linkenhoker. Appellant was identified from a lineup folder by Mr. Linkenhoker (and would be at trial) as being the individual who had jumped the counter and removed the cash and handguns as well as one of the individuals who had held Mr. Glenn and him at gun point during the course of the robbery.

Following recitation of the statement of facts, Appellant moved for a judgment of acquittal and submitted. The motion was granted as to the two counts of assault and battery, but Appellant was found guilty of the two counts of assault and was sentenced to ten years.

In addition to the above, it is important to reiterate that Appellant had been convicted on November 6, 1975, following a plea of guilty in the Criminal Court of Baltimore City, Part 1, under Indictment No. 57521707 of receiving the stolen

Colt .357 magnum revolver which was, and the State so conceded, one of the handguns taken from Mr. Linkenhoker during the course of the Santoni Liquor Store robbery." (References to transcript pages omitted.)

At the conclusion of reading the statement of facts, the trial judge granted appellant's motion for judgment of acquittal on charges of assault and battery; denied the motion on the charges of assault; and entered a finding of guilty on each count of assault.

The principle of double jeopardy is firmly fixed in American jurisprudence, but it is often difficult to delineate its proper application to a particular case. The Fifth Amendment to our Federal Constitution mandates that no person "be twice put in jeopardy of life or limb" for the same offense. The United States Supreme Court in *Benton v. Maryland,* 395 U. S. 784 (1969), made it clear that the fifth amendment guarantee against double jeopardy is binding upon the states through the fourteenth amendment. That Court in *Ashe v. Swenson,* 397 U. S. 436 (1970), held in no uncertain terms that the doctrine of collateral estoppel "is embodied in the Fifth Amendment guarantee against double jeopardy." *Id.* at 445.

The single issue in this appeal is whether the case in the factual posture it reaches us properly compels an invocation of the doctrine of collateral estoppel. We think it does.

As Mr. Justice Stewart, who wrote for the Court in *Ashe v. Swenson, supra* at 443, stated:

" 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law [and now state criminal law] at least since this

Court's decision more than 50 years ago in *United States v. Oppenheimer*, 242 U. S. 85."

Counsel for appellant properly points out in his brief that the collateral estoppel doctrine is addressed to "issues" and not to "offenses." Thus, it is not confined in its application to successive prosecutions for the same or identical offense but may be invoked where other and different offenses involve an issue of ultimate fact that has once been determined by a valid and final judgment.

In the case at bar, appellant had been previously convicted in the Criminal Court of Baltimore on a charge of receiving stolen goods. The subject of the charge was the very same gun he was charged in the Anne Arundel County Circuit Court indictments with having stolen in the course of the holdup of the Santoni Liquor Store. This Court said in *Osborne v. State*, 4 Md. App. 57, 60 (1968):

"We think it clear beyond any question that, like the thief in a larceny, the principal in a robbery who actually takes and carries away the property from the victim cannot be convicted of the crime of receiving the property stolen. See 45 Am. Jur. *Receiving Stolen Property*, § 10; *Clark and Marshall on Crimes*, § 12.37; *Perkins on Criminal Law*, p. 275; Wharton's *Criminal Law and Procedure* (Anderson Edition), Vol. 2, § 576." [1]

---

1. *Osborne* does not stand for the proposition that a robbery conviction is necessarily inconsistent with a receiving stolen property conviction if both charges result from the same incident. Rather, as we stated, at 60-61:

"When one accused of receiving stolen property is a mere aider or abetter in the commission of the robbery, other than an accessory before or after the fact, the decisions are in conflict as to whether the circumstances can ever be such that he can be convicted of receiving the property stolen. The inquiry in such cases would appear to be whether the participation in the robbery by one accused of receiving the goods is of such character and extent as to make the receiving a part of the theft itself, or whether the receiving is, under the circumstances, so distinct as to constitute the separate offense of receiving stolen property. * * * In this connection, it has been held, in larceny cases, that if the receiving takes place subsequent to and after the completion of the larceny, one who has participated in such crime as a confederate of the thief may nevertheless be convicted of receiving stolen property, but that the rule is

Notwithstanding this flat statement of the law, it is a fact that appellant was convicted of receiving stolen goods, *viz.*, the magnum revolver, even though the statement of facts produced at his trial in Anne Arundel County Circuit Court, and agreed to by appellant, demonstrated that he acquired the gun while participating in the armed robbery of the liquor store, which also involved the assault for which appellant was convicted.

And so we are confronted with the question of whether the conviction of appellant for receiving stolen goods precludes the conviction of appellant for armed robbery and assault when the facts indicate his guilt of those crimes. The trial judge apparently thought appellant could not be convicted of armed robbery, under the circumstances, for he granted appellant's motion to dismiss that charge and related counts in the indictments but for reasons not articulated he convicted appellant on two charges of assault, which assaults were an integral part of the armed robbery.

We think that under the doctrine of collateral estoppel, which is not to be applied with a "hypertechnical or archaic approach" but with "realism and rationality," *Ashe v. Swenson, supra* at 444, the issue of ultimate fact should be resolved in favor of appellant.

The conviction in the Criminal Court of Baltimore established that appellant was the receiver of the gun taken in the course of the robbery. On the record before us he could not be both the unlawful receiver of the gun and the robber of the gun at the same time. Implicit in the conviction of receiving stolen goods is the fact that he was not a participant in the liquor store robbery. If he was not a participant, he could not be found guilty of the assault which occurred during the course of the robbery. The state cannot

otherwise if the receiving is embraced in the caption and asportation."

We observe, however, that the record is silent as to whether *vel non* the caption and asportation of the gun occurred simultaneously with appellant's reception of it. Since the burden rests with the state to negate, beyond a reasonable doubt, all defenses, once fairly generated, we cannot conclude that the present case is one in which appellant could have both stolen and received the gun.

he permitted, on the one hand, to establish an ultimate fact in order to convict an accused in one case and then deny that fact in order to achieve a conviction against the accused in another case on charges arising out of the same set of facts. Accordingly, we think the trial judge erred in denying appellant's motion to dismiss the counts in the indictments charging assault.

*Judgments reversed; costs to be paid by Anne Arundel County.*