RAYMOND PHILLIP KLEIN v. STATE OF MARYLAND

[No. 1721, September Term, 1981.]

*Decided November 3, 1982.*

The cause was argued before MOORE and MASON, JJ., and PERRY G. BOWEN, JR., Associate Judge of the Seventh Judicial Circuit, specially assigned.

*Paul Mark Sandler,* with whom were *Raymond Daniel Burke* and *Freishtat, Schwartz & Sandler* on the brief, for appellant.

*Nancy P. Johnson, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

This appeal from the denial of a motion to dismiss five separate indictments, asks whether a criminal action for bribery is barred by the State's prior civil action under the Maryland Consumer Protection Act (1975, ch. 49, § 3). The question involves the following issues:

> 1. Is bribery an aspect of unfair trade practices envisioned in Md. Com. Law Code Ann. § 13-101 *et seq.* (1975, 1982 Cum.Supp.)?
>
> 2. Does a civil proceeding under this Act bar a subsequent criminal prosecution for bribery because of the double jeopardy clause, U.S. Const. Amend. V, and the principle of *res judicata*?
>
> 3. Is the State required to seek criminal sanctions in a civil proceeding it has initiated under the Act?

We believe that these questions should be answered in the negative. Accordingly, we shall affirm the judgments below.

## I

On August 31, 1981, Irving H. Klein, founder of Anthony Plumbing, Inc., and Ray P. Klein, president and director of the firm in Maryland, were found to have engaged in unfair and deceptive trade practices in violation of the Consumer Protection Act, § 13-301 *et seq.* The unlawful practices included overcharging consumers for plumbing and heating services, recommending new parts and services when not needed, charging for goods and services which were never supplied, failing to perform work pursuant to the State Plumbing Code, and sending out untrained salespeople lacking in the skills and knowledge necessary to diagnose plumbing problems.

The Circuit Court for Baltimore City (Baylor, J.) imposed fines under § 13-410 of $33,100 on Irving Klein, $8,100 on Ray P. Klein, $17,900 on Anthony Plumbing of Maryland, Inc., and $15,800 on Anthony Plumbing of D.C., Inc. Consumers were granted restitution of $18,034, § 13-406 (c) (2), and the defendants were required to post a bond to cover future restitution to presently unknown consumers, § 13-204 (10). Finally, the defendants were enjoined under § 13-406 from doing further business in Maryland. This decision was appealed (*Klein v. Attorney General,* No. 1548, September Term, 1981) but the proceedings were stayed because the defendants filed for voluntary bankruptcy under the Federal Bankruptcy Act, 11 U.S.C. § 301 (1979).

In September 1981, less than a month after Judge Baylor's order, criminal indictments were lodged against Ray P. Klein for bribing six Baltimore City plumbing inspectors, Md. Ann. Code, Art. 27, § 23 (1957, 1982 Repl. Vol.). The indictments charged that Ray P. Klein "did unlawfully, wilfully and corruptly bribe" six plumbing inspectors employed by the City of Baltimore, by giving them various sums of money to process plumbing permits although the corresponding jobs were not previously inspected as required by the State code. One of the defendant inspectors, Nathaniel R. Swayney, pleaded guilty on November 17, 1981, and was sentenced to three years' imprisonment, sus-

pended, and three years' probation. The agreed statement of facts read into the record before the Criminal Court of Baltimore City (Hargrove, J.) described the alleged payoff scheme.

Mr. Klein filed a motion to dismiss, maintaining that the criminal action was barred by the constitutional protection against double jeopardy and the doctrine of *res judicata.* The motion was denied by the Criminal Court of Baltimore City (Bothe, J.) and all further proceedings were stayed pending this appeal.[1]

## II

The heart of appellant's argument is that bribery is an unfair trade practice under § 13-301 of the Consumer Protection Act. Appellant asserts in essence that bribery "amounts to" an unfair trade practice because in this case it is part of the "pattern of unfair and deceptive trade practices" for which appellant was fined in the civil action. In

---

1. The State filed a motion to dismiss the appeal, which this Court denied on March 17, 1982, as untimely and without merit. Ordinarily, Rule 1035, Md. Rules of Procedure, Code Ann. (1982 ed.), precludes this Court from hearing an appeal taken from a pretrial interlocutory order. An exception is the trial court's denial of an absolute constitutional right, Pulley v. State, 287 Md. 406, 414, 412 A.2d 1244, 1249 (1980). If, however, the determination is based on the rightful exercise of the court's discretion, such as a finding of fact that a defendant was not indigent, then an immediate appeal will not lie, even though the exercise of such discretion may deny a constitutional right. Pearlman v. State, 226 Md. 67, 172 A.2d 395 (1961); Raimondi v. State, 8 Md. App. 468, 261 A.2d 40 (1970), *cert. denied,* 256 Md. 747 (1970). Such discretion is not involved in double jeopardy, which is "a liminal constitutional issue, raised at the outset, before there is a trial." Neal v. State, 272 Md. 323, 326, 322 A.2d 887, 889 (1974). *See* Abney v. United States, 431 U.S. 651 (1977), and Stewart v. State, 282 Md. 557, 386 A.2d 1206 (1978), discussing *Neal, supra,* Jones v. State, 241 Md. 599, 217 A.2d 367 (1966), and Harris v. State, 194 Md. 288, 71 A.2d 36 (1950) in light of United States v. MacDonald, 435 U.S. 850 (1978). The *Stewart* court held that a defendant may not, before trial, appeal a denial of his motion to dismiss based on his right to a speedy trial, 282 Md. at 571, 386 A.2d at 1213, and expressly overruled *Harris, id.* at 572, 1214.

In this case, Judge Bothe, in a ten-page memorandum opinion, denied the motion to dismiss the indictments but concluded that because appellant's arguments concerning the legal applicability of the constitutional right were not frivolous, he was entitled to an immediate appeal. *Cf.* Westmoreland v. State, 8 Md. App. 482, 261 A.2d 35 (1970) (contention of denial of constitutional right held patently frivolous).

that case, the court found nine specific violations, including a failure to perform all work in compliance with the State Plumbing Code. This failure, appellant claims, was furthered by the alleged bribing of State inspectors to approve the work without actually inspecting it. The fraudulent inspection amounted to misrepresentation under § 13-301 (2) (i).[2] Therefore, appellant concludes, "the alleged acts of bribery are one and the same with the other unfair and deceptive trade practices."

Unfortunately for appellant, the statute itself refutes his argument. Nowhere in the lengthy and detailed definition of unfair trade practices is bribery either mentioned or implied. None of the constituent elements of bribery — payment to a public employee to influence him in the performance of his official duties, Art. 27, § 23 — appear in § 13-301. Instead, unfair trade practices are identified as misstatements or misrepresentations, made directly to the consumer or by advertisement or telephone solicitation, concerning the quality and availability of goods and services or the expertise and affiliation of merchants. *See Smith v. Attorney General,* 46 Md. App. 78, 88, 415 A.2d 651, 657 (1980).

---

**2.** Section 13-301 reads in pertinent part:

"Unfair or deceptive trade practices include any:
(1) False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers;
(2) Representation that:
(i) Consumer goods, consumer realty, or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit, or quantity which they do not have; . . ."

Appellant argues that the failure of the plumbing inspectors to check the work performed by Anthony Plumbing, Inc., before issuing permits resulted in consumers "being the victims of shoddy and uninspected work." The failure to inspect properly or at all resulted from the alleged bribes. Therefore, appellant concludes, the misrepresentation to the consumer and the alleged bribery scheme were interrelated, requiring the Attorney General to bring any bribery charges under § 13-301. As appellee notes, if appellant's argument was extended to its logical end, almost any criminal act could be transformed into an unfair trade practice under the broad language of § 13-301, wreaking havoc with existing criminal law and undermining the legislative intent, clearly expressed in § 13-411, that a violation of any provision in this title is a misdemeanor.

Admittedly, bribery may furnish a climate in which numerous varieties of unfair and deceptive trade practices may flourish. And such practices may provide a motive or the occasion for bribery. But their potential symbiotic relationship does not put them in the same family. While the Division of Consumer Protection has authority under § 13-204 (12) (ii) to define unfair trade practices in addition to those specified in § 13-301, 62 Op. Att'y Gen. 535, 542 (1977), it has not included bribery. The section carefully enumerates what constitutes an unfair trade practice, and bribery is conspicuously absent. Notwithstanding the liberal interpretation to be afforded the Consumer Protection Act, § 13-105, we may not, by judicial fiat, add bribery to the list contained in § 13-301.

Furthermore, the purpose of the Consumer Protection Act is to protect the consumer, § 13-102 (b) (1), by setting minimum standards, § 13-103 (a), and to restore an "undermined" public confidence in merchants. *See* Comment, "Maryland's Consumer Protection Act: *A Private Cause of Action for Unfair or Deceptive Trade Practices,"* 38 Md.L.Rev. 733, 735 (1979). The remedies available in the Consumer Protection Act are civil and equitable. § 13-401 *et seq.* In addition, § 13-411 provides criminal penalties; the crime is a misdemeanor.

The purpose of Art. 27, § 23, on the other hand, is to punish the crime of bribery. Although bribery is not made a felony, the section authorizes imprisonment in the penitentiary. *State v. Canova,* 278 Md. 483, 490, 365 A.2d 988, 993 (1976). Thus, bribery is among those unique misdemeanors classified as "penitentiary misdemeanors" which do not have to be prosecuted within one year after their commission. *Id.,* Md. Cts. & Jud. Proc. Code Ann. § 5-106 (1980 Repl. Vol.).

The Consumer Protection Act is concerned with all consumers; its scope is far removed from that of the bribery statute, which is directed at public employees and officeholders. The two statutes are simply different species. *See, e.g., Carey v. State,* 43 Md. App. 246, 405 A.2d 293 (1979), *cert. denied,* 286 Md. 744 (1979), 445 U.S. 967 (1980)

(public official guilty of robbery — he demanded money to influence the performance of his duties — may also be guilty of extortion if demand was accompanied by threat).

Finally, the elements and standards of proof required to show bribery or unfair trade practices are demonstrably different under the "required evidence" test adopted in *Thomas v. State,* 277 Md. 257, 353 A.2d 240 (1976). The test focuses "on the evidence necessary to sustain convictions on each offense." *Id.* at 262, 244. Multiple prosecutions are prohibited only if the evidence needed to secure a conviction in the second prosecution would also have been necessary to convict in the first prosecution. *Id.* at 263, 244.

Such is not the case here. Bribery requires proof of the payment of money or other benefits to a public employee for the purpose of influencing him in the performance of his official duties. It must be established that payment was received pursuant to a corrupt agreement, *Spector v. State,* 289 Md. 407, 425 A.2d 197 (1981), *cert. denied,* 452 U.S. 906 (1981), and the level of proof must be beyond a reasonable doubt. Unfair trade practices, on the other hand, require proof of "[d]eception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that the consumer rely on the same . . . ," § 13-301 (9). There must be sufficient sworn testimony to support each violation, *Smith, supra,* 46 Md. App. at 88-9, 415 A.2d at 657-8, and the proof must be by a preponderance of the evidence. *Devine Seafood v. Attorney General,* 37 Md. App. 439, 444, 377 A.2d 1194, 1197 (1977), *cert. dismissed,* 282 Md. 482, 385 A.2d 85 (1978); § 13-404 (b) (i). Thus, ". . . each offense contains an element which the other does not." *Thomas, supra,* 277 Md. at 267, 353 A.2d at 247. This case goes further; each offense contains none of the elements of the other. Therefore, the two offenses cannot be subsumed.

Appellant, invoking the principles of double jeopardy and *res judicata,*[3] strongly urges that any criminal proceeding

---

3. Appellant in his brief urges that while *res judicata,* and not collateral estoppel, bars the State's prosecution for bribery, this Court's interpretation

against him is barred by the prior civil judgment. As appellee points out, to consider this argument at all, we must assume that the crime of bribery is in fact an unfair trade practice. We have said it is not, but assuming *arguendo* that it is, the question appellant presents is somewhat novel. There are few cases directly holding a criminal action barred by a prior civil action or vice versa.[4] Nonetheless, if the issue were solely whether a criminal action could be barred merely because of prior civil litigation, the answer in Maryland would have to be negative. In *Marques v. State,* 267 Md. 542, 298 A.2d 408 (1973), for example, the court ruled that the State may prosecute for pornography viola-

---

of the latter doctrine in *Hinton v. State,* 36 Md. App. 52, 373 A.2d 39 (1977), as involving "issues" and not "offenses," *id.* at 56, applies with equal force to the instant case. The "issue," appellant states, concerns the plumbing business practices of the Anthony companies and their impact on consumers. These practices and their impact have already been determined and cannot again be litigated. Ashe v. Swenson, 397 U.S. 436, 443 (1970). *Accord,* Cook v. State, 281 Md. 665, 381 A.2d 671 (1978). Appellant's argument in effect creates a smoke screen. Under the collateral estoppel doctrine, two basic requirements emerge: one, the particular issue must have been actually decided in the prior adjudication; two, the issue must have been an ultimate fact necessary to the prior decision. Judge Bothe clears the air in her memorandum opinion:

> "The present case, however, is not a situation for collateral estoppel because the issue which the defendant seeks to bar from consideration has not in any way been decided in the prior action. The present criminal prosecution involves the charge of bribery. The prior civil action under the Consumer Protection Act not only did not decide any issues remotely related to this charge, but did not even mention the allegation that Raymond Klein bribed certain City officials. The only relationship between the two actions occurs in paragraphs 30 and 31 of the civil complaint which allege that in certain cases Anthony of Maryland did not obtain plumbing permits before certain work was performed. In his Memorandum in Support of the Motion to Dismiss, the defendant concedes that the plaintiffs in the prior civil action refrained from any discussion of bribery during the trial. Thus, the requirements of actuality and necessity are not met on the facts and the defendant's motion for dismissal on this ground must be denied."

4. For example, in United States v. Abatti, 463 F.Supp. 596 (S.D. Calif. 1978), the Court held that a criminal action for tax evasion and filing a false tax return was barred by a ruling in a prior civil case that the taxpayers had not understated their taxable income or income tax liability. In Teitelbaum Furs, Inc. v. Dominion Insurance Co., 375 P.2d 439 (Calif. 1962), the Court held that collateral estoppel barred the insured corporations from recovering against theft insurers in a civil action following the conviction of the corporations' president for theft. *See also,* Township of Washington v. Gould, 189 A.2d 697 (N.J. 1963).

tions under Art. 27, § 418 after having obtained a civil injunction under § 418A. *Id.* at 550. Federal case law allows the government to seek a combination of civil and criminal remedies involving the same transaction. *See Helvering v. Mitchell,* 303 U.S. 391 (1938); *Berdick v. United States,* 612 F.2d 533 (U.S.Ct. of Claims 1979); *United States v. Hedges,* 458 F.2d 188 (10th Cir. 1972).

The real question is not whether a prior case was civil or criminal in nature so as to bar subsequent prosecution, but whether constitutional protections have been subverted. Double jeopardy principles have traditionally applied to successive criminal prosecutions. *Benton v. Maryland,* 395 U.S. 784 (1969). There are three prohibitions involved: a bar against a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after a conviction, and multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969); *Thomas, supra.* It is the third upon which appellant must rely because the civil nature of the prior suit eliminates the first two bars dealing with criminal prosecution. He argues that because of the fines, civil penalties and injunctive relief granted in the civil trial, he has already been punished, and any further punishment would be unconstitutional. As stated in *Ex Parte Lange,* 85 U.S. (18 Wall) 163, 168 (1874), "[I]f there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense."

The key here, however, is in the words "same offense." Even if we overlook the civil nature of the prior proceeding, we have already shown that the "offenses" at issue, bribery and unfair trade practices, are not the same. *See Thomas, supra.* The evidence necessary to secure a conviction of bribery and that required to support a judgment under § 13-410 are completely different. Therefore, neither can trigger the claim of double jeopardy, based on the bar against multiple punishments for the same offense. *See Blockburger v. United States,* 284 U.S. 299 (1932); *Newton v. State,* 280 Md. 260, 373 A.2d 262 (1977).

Neither is the principle of *res judicata* availing to appellant. *Res judicata* means that "a final and valid judgment rendered in one proceeding between two parties operates as a bar in a second proceeding between them on all matters that have been or *could have been decided* in the original litigation, where the second proceeding involves the same subject matter as the first cause of action." *Cook v. State,* 281 Md. 665, 668, 381 A.2d 671, 673 (1978), *cert. denied,* 439 U.S. 839 (1979). The doctrine "applies without regard to the kind of court which rendered the earlier final judgment," *DeMaio v. Lumbermens Mutual Casualty Co.,* 247 Md. 30, 34, 230 A.2d 279 (1967), but, like double jeopardy, requires that the subject matter of both actions be the same.

Again assuming *arguendo* that the subject matter of both actions is the same, we will consider that part of the definition dealing with matters that could have been decided. As Judge Bothe noted in her memorandum opinion, although the courts have held that at least the first part of the *res judicata* definition dealing with decided issues applies in subsequent criminal proceedings, neither the Supreme Court nor the Court of Appeals of Maryland appears to have been directly confronted with a situation in which *a defendant* has argued that an issue which *could* have been decided in a prior civil action, but was not, is barred from consideration in a subsequent criminal prosecution. *See Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322 (1979); *cf. Cook, supra,* 281 Md. at 668 n.2. While the language in *DeMaio* quoted above may permit application of *res judicata* principles to a subsequent criminal prosecution even though the prior adjudication was civil, the doctrine still does not apply in this case because the subject matter of the criminal proceeding could never have been decided in the first cause of action.

Misrepresentations made to consumers concerning the quality and characteristics of goods and services certainly would not support a conviction for bribery under Art. 27, § 23; yet, this is precisely the evidence used by the plaintiffs in the earlier case. By the same token, evidence that the defendant bribed a city official in order to influence him in

the performance of his duties only tangentially relates to the evidence necessary to maintain an action under the Consumer Protection Act. In short, the bribery action involves wrongs against the State through alleged criminal acts between two individuals. The civil action involves wrongs against consumers through alleged civil deceit, fraud and misrepresentation. The bribery allegations could not have even been raised in the civil proceeding — and an objection thereto would have been properly sustained.

Finally, appellant reads the penalty provisions of the Consumer Protection Act as requiring the State to elect between civil and criminal actions or to bring them in tandem — that is, the civil proceeding "would have been a proper forum for proof of the bribery charges." The civil action here was filed in an equity court on behalf of certain consumers, was remedial in nature, required a lesser burden of proof, and did not involve any allegations or evidence suggesting payoffs to municipal inspectors. The criminal offense of bribery obviously could not have been tried in the equity court.

Alternatively, appellant contends that the State must elect between civil and criminal penalties, citing the language of § 13-411, which states in subsection (a):

> "General penalty provision. — Except as provided in subsection (b) of this section, any person who violates any provision of this title is guilty of a misdemeanor and, unless another criminal penalty is specifically provided elsewhere, on conviction is subject to a fine not exceeding $1,000 or imprisonment not exceeding one year or both, in addition to any civil penalties."

Because § 13-411 expressly recognizes violations of the Act for which "another criminal penalty is specifically provided elsewhere," appellant claims that the State must seek imposition of the penalties for violation of the bribery statute within the Consumer Protection Act.

Again, appellant overlooks the plain language of the statute. Subtitle 4 (Enforcement and penalties) nowhere provides any authorization for the Attorney General or the

Division of Consumer Protection to initiate criminal actions. Section 13-103 (c) states: "The provisions of this Title shall be enforced by each agency of the State within the scope of its authority." Section 13-204 (6) imposes upon the Division the duty to report to the appropriate law enforcement officer any information concerning violations of any consumer protection law. It is then up to that officer to institute a criminal proceeding under § 13-411 (a).

The remedies available to the Division are strictly civil. Under § 13-401, the Division is empowered to investigate consumer complaints, refer appropriate complaints to the Federal Trade Commission, seek the cooperation of State licensing authorities and contracting departments, and dismiss unwarranted complaints. Under § 13-402, the Division may engage in conciliation proceedings, which are binding on the parties. Under § 13-403, the Division may hold a hearing to determine if a violation has occurred; subsection (b) (1) permits the Division to issue a cease-and-desist order, and subsection (c) (1) permits the Division to file an appropriate civil action to preserve the status quo or prevent irreparable harm.

Section 13-403 (b) (1) states, *inter alia:* "The [cease and desist] order shall contain a notice which states that if the Division determines that the violator has not corrected the violation and complied with the order within 30 days following service of the order, the Division shall proceed with enforcement pursuant to this subtitle." Under § 13-404, the Division may seek arbitration. Section 13-405 gives the Attorney General subpoena power, § 13-406 covers injunctions, and § 13-409 grants costs to the Attorney General.

The civil penalties include fines to be imposed upon a *merchant,* defined in § 13-101 (g) as a person who directly or indirectly either offers or makes available to consumers any consumer goods, realty services, or credit. Subsection (c) of § 13-410 states that the fines provided for in subsections (a) and (b) are civil and are recoverable by the State in a civil action. Section 13-411 (Criminal penalties) is broader in that it covers *any person,* defined in § 13-101 (h) as an indi-

vidual or any legal or commercial entity who violates any provision of this title. That person is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $1,000 or imprisonment not exceeding one year or both, "in addition to any civil penalties." There is one condition, "unless another criminal penalty is specifically provided elsewhere."

This phrase means what it says and no more. If another criminal penalty for violating any provision of Title 13, the Consumer Protection Act, is specified elsewhere within this title, it takes precedence over § 13-411 (a). For example, § 13-308 (Electrical consumer products) specifies a criminal fine of not more than $5,000. Similarly, § 13-309 (Electrical extension cords) calls for a misdemeanor conviction and a fine of $50 for each sale of an extension cord without a label. The language cannot be distorted to include the felony penalty for bribery found in Art. 27, § 23.

In sum, the statute contemplates that the Division of Consumer Protection, which is within the office of the Attorney General, will administer the Act through the civil powers enumerated. The power to institute a criminal proceeding comes not from the Consumer Protection Act but from the Maryland Constitution and the Code, Md. Const. Art. V, §§ 3, 9; Md. Ann. Code Art. 10, § 34 (1957, 1981 Repl. Vol.).

The commission of bribery and the violation of Title 13 are as unlike as a criminal indictment and a bill of complaint. Because the Division could bring a civil action seeking penalties under § 13-410 does not mean that the Attorney General must or can bring an action under § 13-411. There is nothing in this title that requires election of civil or criminal remedies or consolidation of civil and criminal actions. Appellant's argument fails on all fronts.

*Judgments affirmed; appellant to pay the costs.*