[Cite as *State v. Braden*, 2018-Ohio-563.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170097 |
| | | TRIAL NO. B-1603887 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| ROBERT BRADEN, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 14, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip Cummings,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman,* Assistant Public Defender, for Defendant-Appellant.

**MILLER, Judge.**

{¶1}    Following a bench trial, defendant-appellant Robert Braden was found guilty of burglary, a second-degree felony, in violation of R.C. 2911.12(A)(2), and sentenced to a six-year prison term.  In his first assignment of error, Braden claims that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.  For the following reasons, we reverse Braden's conviction and hold that he is guilty of the lesser-included offense of third-degree burglary, in violation of R.C. 2911.12(A)(3), to which he stipulated.

## I. The Burglary

{¶2}    Bruce Hust lived alone in a house in the West Price Hill neighborhood of Cincinnati.  He was an employee of the Hamilton County Juvenile Court.  His work hours were approximately 8:00 a.m. to 4:00 p.m., Monday through Friday.  On the morning of August 27, 2015, Hust left for work and returned home at 5:00 p.m.  Hust found his house ransacked, and his late mother's wedding rings missing.  Hust called the police.  Meanwhile, a nearby pawn shop where Robert Braden, the grandson of Hust's neighbor, pawned the wedding rings that same day, alerted police.

{¶3}    Braden was initially charged with, and pled guilty to, receiving stolen property in violation of R.C. 2913.51.  He was sentenced to six months in jail.  That conviction is not the subject of this appeal.

{¶4}    Sometime later, a piece of discarded candy found in Hust's home was DNA-tested, and the DNA matched Braden's.  Braden was then charged with, and convicted of, burglary, and sentenced to six years in prison.  He now appeals his burglary conviction and brings the following four assignments of error for our review:

> 1. The Trial Court Erred in Finding Defendant-Appellant Guilty, as the Finding Was Based on Insufficient Evidence and Was Contrary to Law.

2. The Trial Court Erred in Overruling the Defendant-Appellant's Motion to Dismiss.

3. The [Defendant-]Appellant was Deprived of His Right to the Effective Assistance of Counsel at Trial.

4. The Trial Court Erred in Failing to Credit [Defendant-Appellant's] Burglary Sentence with His Incarceration for Receiving Stolen Property.

## II. Sufficiency of the Evidence

{¶5} In his first assignment of error, Braden argues that his burglary conviction was not supported by sufficient evidence and was against the manifest weight of the evidence; however, the substance of his argument attacks only the sufficiency of the evidence. A conviction is supported by sufficient evidence when, after viewing all evidence in the light most favorable to the prosecution, a rational trier of fact could have found all of the elements of the offense proven beyond a reasonable doubt. *State v. Grice*, 180 Ohio App.3d 700, 2009-Ohio-372, 906 N.E.2d 1203 (1st Dist.).

{¶6} Braden was convicted of burglary under R.C. 2911.12(A)(2), which provides that no person, by force, shall "[t]respass in an occupied structure * * * that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."

{¶7} At trial, Braden stipulated on the record to trespassing in Hust's home with the intent to steal jewelry that belonged to Hust, which he also stipulated is third-degree burglary in violation of R.C. 2911.12(A)(3). The only issue Braden contested at trial was whether another person was likely to be present—the element which converts the crime to second-degree burglary, in violation of R.C. 2911.12(A)(2).

**{¶8}   "Likely to be Present" does not Mean "Could Be Present."**

It is undisputed that no one other than Braden was in Hust's home at the time of the break-in.  Therefore, to sustain a conviction under R.C. 2911.12(A)(2), the state had to prove that someone was "likely to be present."  "The issue is not whether the burglar subjectively believed that persons were likely to be there, but whether it was objectively likely."  *State v. Cravens*, 1st Dist. Hamilton No. C-980526, 1999 WL 567098, *1 (June 25, 1999).  This court has held that "objectively likely to be present" means the "probability or improbability of actual occupancy which in fact exists at the time of the offense, determined by all the facts surrounding the occupancy."  *In re Meatchem*, 1st Dist. Hamilton No. C-050291, 2006-Ohio-4128, ¶ 16.  "That is, there must be a greater than 50% likelihood that someone will be in the dwelling at the time of the burglary."  *Id.* at ¶ 17.

**{¶9}**   Unfortunately, the case law has become convoluted by an implication that "likely" might mean "could" in the oft-cited case of *State v. Green*, 18 Ohio App.3d 69, 480 N.E.2d 1128 (10th Dist.1984), in which the Tenth District upheld a burglary conviction where a person moving out of a house was found likely to be present.  *See, e.g., State v. Kottner*, 1st Dist. Hamilton No. C-120350, 2013-Ohio-2159.  The Tenth District said that "[a] person is likely to be present when a consideration of all the circumstances would seem to justify a logical expectation that a person *could* be present." (Emphasis added.) *Green* at 72.

**{¶10}** In *Green*, the homeowner was in and out on a daily basis repairing, cleaning, and moving personal property, and therefore the inference could be drawn regarding the likelihood of the victim being present at the time of the burglary.  But *Green* doesn't hold that "likely" for purposes of R.C. 2911.12(A)(2) means "could," "might," "may," "possibly," or anything less than a 50 percent chance.  "[T]he term

4

'likely' connotes something more than a mere possibility, it also connotes something less than a probability or reasonable certainty." *Green* at 72.

{¶11} Ohio courts have decided a number of cases describing the type of evidence that the state can offer to establish the "likely to be present" element. *See, e.g., State v. Kilby*, 50 Ohio St.2d 21, 361 N.E.2d 1336 (1977) (likely to be present element satisfied where home's occupants were across the street at a neighbor's house); *State v. Weber*, 10th Dist. Franklin No. 97APA03-322, 1997 WL 798299 (Dec. 23, 1997) (likely to be present element satisfied where home owners were away on vacation, but others had permission to be in the house and neighbor was watching property while owners were absent); *State v. Beverly*, 2d Dist. Clark No. 2005 CA 85, 2007-Ohio-1028 (likely to be present element satisfied where occupants were away from the house for about one and a half hours during the evening); *State v. Young*, 8th Dist. Cuyahoga No. 87613, 2006-Ohio-5723 (likely to be present element satisfied where evidence showed that occupants did not work on weekends, and burglary occurred on a Sunday); *State v. Baker*, 12th Dist. Butler No. CA2003-01-016, 2003-Ohio-5986 (likely to be present element satisfied where occupant was a retiree with no fixed schedule); *State v. Palmer*, 8th Dist. Cuyahoga No. 89957, 2008-Ohio-2937 (likely to be present element satisfied where evidence established burglary occurred close to the time occupants would have left for work).

{¶12} Critically, where the occupants of a house are almost always absent as part of their fixed work schedule, they are not likely to be present during their regular working hours. *See, e.g., State v. Frock*, 2d Dist. Clark No. 2004 CA 76, 2006-Ohio-1254 (likely to be present element not satisfied where occupant regularly came home from work to walk her dog around 2 p.m., and burglary occurred between 1:00 p.m. and 1:30 p.m.); *State v. Brown*, 1st Dist. Hamilton No. C-980907, 2000 WL 492054

(Apr. 28, 2000) (likely to be present element not satisfied where burglary occurred during the occupant's workday, and no evidence was offered that the occupant ever came home during his workday); *State v. Lockhart*, 115 Ohio App.3d 370, 685 N.E.2d 564 (8th Dist.1996) (likely to be present element not satisfied where home's occupant testified that burglary occurred while she was at work, and that she did not return to her house at varying times).

{¶13} **No Proof that Anyone was "Likely to be Present."** In this case, the only testimony on the issue of whether anyone was likely to be present at the Hust home came from Bruce Hust. He testified that he went to work on the day of the break-in, consistent with his normal routine. He stated that he usually arrived home between 4:15 and 4:30 p.m, consistent with his 15-to-20 minute commute to and from work. He testified that on July 22, 2015, about a month prior to the break-in, he had used a sick day to stay home to recover from a cold. He testified that there were times he left work early or went home if he had another commitment, but there was no testimony that these occasions were regular occurrences, or that he had a commitment to be home on the day of the burglary. Hust also testified that he had an occasional housekeeper prior to the incident, with no set schedule of when to come, but she would come when he arranged it. There was no testimony that he had arranged for his housekeeper to come on any day near the burglary. No one else was regularly inside the home while Hust was at work. Based on this record, there is insufficient evidence, as a matter of law, of anyone being likely to be present at the time to sustain Braden's conviction for burglary under R.C. 2911.12(A)(2). Therefore, Braden's first assignment of error is sustained.

### III. Braden is Guilty of Third-Degree Burglary

{¶14} As noted above, Braden stipulated on the record to trespassing into Hust's home with the intent to steal Hust's belongings, which he also stipulated was a violation of R.C. 2911.12(A)(3). Based on this stipulation, we reverse Braden's conviction for violating R.C. 2911.12(A)(2) and remand this case to the trial court with instructions to enter a judgment finding Braden guilty of violating R.C. 2911.12(A)(3) and to sentence Braden for that offense. *See* App.R. 12(B).

### IV. Burglary and Receiving Stolen Property are Separate Crimes

{¶15} Braden's second, third, and fourth assignments of error will be addressed together because they all center on a contention that his receiving-stolen-property conviction limits the prosecution and punishment for the burglary offense. We disagree.

{¶16} In his second assignment of error, Braden argues that the trial court erred in overruling his motion to dismiss the burglary charge as barred by collateral estoppel, a doctrine incorporated by the Double Jeopardy Clause. The Double Jeopardy Clause bars successive prosecutions for the same event or act if the two offenses that arise from the event or act are ultimately considered the same offense on the basis of the comparison of the elements. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). "[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Id.*; *see State v. Thomas*, 61 Ohio St.2d 254, 259, 400 N.E.2d 897 (1980), *overruled on other grounds, State v. Crago*, 53 Ohio St.3d 243, 559 N.E.2d 1353 (1990). "A single act may be an offense against two statutes, and if each statute requires proof of an additional fact * * *, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the

other." (Citations omitted.) *State v. Nelson*, 51 Ohio App.2d 31, 39, 365 N.E.2d 1268 (8th Dist.1977).

{¶17} Applying the foregoing test, it is apparent that the charge for burglary was not barred by Braden's conviction for receiving stolen property. The offenses, while involving the same property, do not constitute the same offense for purposes of double jeopardy since each offense requires proof of an additional fact which the other does not. Braden pawned Hust's rings, disposing of property that he stole earlier the same day. Disposal is an element of receiving stolen property that is not addressed by burglary. And, Braden trespassed into Hust's house to take the rings. Trespass is an element of burglary that is not addressed by receiving stolen property. A number of Ohio courts have held likewise when comparing the elements of burglary[1] to the elements of receiving stolen property,[2] finding that the offenses do not correspond to such a degree that the commission of one crime will necessarily result in the commission of the other. *See, e.g., State v. Thompson*, 1st Dist. Hamilton No. C-130053, 2013-Ohio-2647 (burglary and receiving stolen property); *State v. Searles*, 1st Dist. Hamilton No. C-870523, 1988 WL 83498 (Aug. 10, 1988) (aggravated burglary and receiving stolen property); *State v. Clelland*, 83 Ohio App.3d 474, 484, 615 N.E.2d 276 (4th Dist.1992) (burglary and receiving stolen property); *State v. Nolan*, 2d Dist. Montgomery No. 12094, 1991 WL 19367 (Feb. 13, 1991) (burglary and receiving stolen property). *See also State v. Mitchell*, 6 Ohio St.3d 416, 453 N.E.2d 593 (1983) (burglary and theft).

---

[1] R.C. 2911.12(A)(3) states that "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."
[2] R.C. 2913.51(A) states that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶18} Braden unconvincingly argues that implicit in the conviction for receiving stolen property is the finding that Braden did not steal the property. While we agree that "[t]he state cannot be permitted, on the one hand, to establish an ultimate fact in order to convict an accused in one case and then deny that fact in order to achieve a conviction against the accused in another case on charges arising out of the same set of facts," *Hinton v. State*, 36 Md.App. 52, 58, 373 A.2d 39 (1977), that is not what happened here. The receiving-stolen-property conviction did not require a finding that Braden did not commit the theft. The statute requires proof that the accused "received, retained, or disposed of property of another" obtained through a theft. As explained above, Braden disposed of Hust's property by pawning it. This was true regardless of how he obtained it. Therefore, we overrule Braden's second assignment of error.

{¶19} In his third assignment of error, Braden argues that he was deprived of the effective assistance of counsel at trial because the denial of his motion to dismiss was not immediately appealed. The defendant bears the burden to show ineffective assistance of counsel. *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988); *State v. Hackney*, 1st Dist. Hamilton No. C-150375, 2016-Ohio-4609, ¶ 36. "To sustain a claim for ineffective assistance of counsel, the defendant must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defense." *State v. Wright*, 1st Dist. Hamilton No. C-150715, 2017-Ohio-1568, ¶ 55, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Given our disposition of Braden's second assignment of error, he cannot demonstrate prejudice in his defense. Therefore, we overrule Braden's third assignment of error.

{¶20}  In his fourth assignment of error, Braden argues that the trial court erred in not crediting him for the sentence he received for receiving stolen property, as the confinement was "arising out of" his burglary offense.  Whether the trial court correctly determined that the receiving-stolen-property offense did not arise from the burglary offense is a question of law that is reviewed de novo.  *See, e.g., State v. Tolliver*, 4th Dist. Athens No. 12CA36, 2013-Ohio-3861, ¶ 12.  While "[p]risoners must be given credit for the time they have been confined for reasons arising out of the offense for which they are convicted and sentenced," they are *not* entitled to credit for incarceration "that arises from facts separate from those upon which their current sentence is based."  *State v. Klein*, 1st Dist. Hamilton Nos. C-040176 and C-040224, 2005-Ohio-1761, ¶ 26, citing *State v. Logan*, 71 Ohio App.3d 292, 300, 593 N.E.2d 395 (1991).  Again, as discussed previously, we find that the offenses are separate and distinct.  Thus, Braden is not entitled to credit on his burglary sentence for time he served on his sentence for receiving stolen property.  We overrule Braden's fourth assignment of error.

### Conclusion

{¶21}  In sum, we sustain Braden's first assignment of error, overrule his second, third and fourth assignments of error, reverse his conviction for second-degree burglary under R.C. 2911.12(A)(2) and remand this cause with instructions to the trial court to enter a judgment finding Braden guilty of third-degree burglary under R.C. 2911.12(A)(3) and to sentence him for that offense.

*Judgment reversed and cause remanded.*

CUNNINGHAM, P.J., and DETERS, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.